THE DIEBOLD SAFE AND LOCK CO. v. M. W. J. HOLT.

1. CONTRACT—*Damages.* The defendant contracted with the plaintiff for the purchase of a fire proof safe, agreeing to "deliver the safe on board the cars at Canton. Ohio," Evidence was adduced to show that the plaintiff had crated and fastened the safe upon the side of the car upon which it was placed for shipment, near and opposite to an iron bolt or bolts protruding from the side of the car, and that upon reaching Wharton in this Territory, to which it was shipped, it was found that the safe had been perforated and damaged by

friction against the bolts referred to. *Held:* That the plaintiff was responsible for the careful and proper shipment of the safe, and that if it was negligent in this particular it was responsible for the damage occasioned thereby.

2. DAMAGES—*Testimony.* Upon the question of what amount of damages has been done to a fire proof safe by the holes punched in it during transportation, the testimony of witnesses who have had several years experience in buying, selling and dealing in and using safes of a similar character, is properly admitted.

3. PLEADINGS—*Tender—Sufficient, When.* A pleading which declares that "the defendant tendered the plaintiff the sum of seventy-two dollars in full of all amounts due under the contract at the time of the commencement of the suit, which amount the plaintiff refused to have and at all times refused to accept," and this allegation not having been demurred, or objected to, is a sufficient allegation of tender, under which facts may be adduced; and the evidence having been produced showing that the tender was made as alleged, the judgment of the court will not be reversed because the pleading failed to state that the amount of the tender was not brought into court, and that the defendant was still ready to pay the amount of the tender.

4. SAME—*Amendment—Continuance.* Under the Statutes of 1890, upon an amended answer in which an entirely new defense is set up and the issue changed, it is not error for the court to refuse to continue the case upon the application of the plaintiff, in the absence of an affidavit showing good cause thereof.

## *Error From the District Court of Payne County.*

### STATEMENT OF FACTS.

This was a suit brought in the district court of Payne county to recover the amount claimed by the plaintiffs in error to be due upon a contract made with the defendant in error, at Stillwater, Oklahoma, on the 25th day of May, 1892, by which the defendant in error ordered the plaintiff in error, a corporation located at Canton, in the state of Ohio, to ship to him, "on September 1, 1892, unless ordered sooner, one of your No. 33 fire-proof safes, * * for this safe delivered on board of cars at Canton, Ohio, I will pay you two hundred and twenty-five dollars less freight to Wharton, Cherokee Strip, I. T., and my 117,709 steel lined Hall safe delivered at Wharton depot; above amount to be as follows: Freight and my Hall safe upon arrival; balance to be in

twelve . notes equally divided, due respectively every thirty days, beginning the date from arrival of the safe at Wharton, and seven per cent. interest per annum. * * This order is given subject to your approval, and in consideration of the above price we hereby agree not to countermand this order until a reasonable time has been given for such approval, but to receive and pay for the same as above stated. No agreement of any kind, not stated in this order, shall become a part of this contract. M. W. J. Holt, Stillwater."

The plaintiff in error accepted the order, and at once notified the defendant of its approval, and on the 1st day of September, 1892, in compliance with the contract placed on board of the cars at Canton, Ohio, a fire-proof safe conforming to the order, and billed to Wharton, Cherokee Strip, I. T.

Upon being notified of the arrival of the safe at Wharton station, the defendant in error delivered to the plaintiff his No. 117,709 steel lined Hall safe there, and paid freight on the new safe then received under the contract, amounting to about fifty dollars, and took it to Stillwater, a distance of about twenty-five miles from the railroad.

When received from the railroad company it was found to be in a damaged condition, caused by coming in contact with the end of a bolt, on the inside of the freight car upon which the safe was shipped, and which bolt was the ordinary bolt used in joining the framework of the freight car together.

The defendant refused to comply further with the contract and declined to make any further payment of the notes or interest as provided therein.

Suit was brought by the plaintiff in error against the

defendant in error to secure the balance of payments, upon the 14th day of January, 1893.

The defendant, by answer filed November 18, 1893, in the cause, admitted the contract for the safe, and declared that under the terms of the contract, it was the duty of the plaintiffs to place the safe on board the cars in the city of Canton, Ohio, and then and there to so box, crate and load it upon the cars that it might be carried safely, and without damage, from the city of Canton to the station of Wharton, in the Cherokee strip. The answer of the defendant then proceeded in narrative form to set forth that plaintiff had manufactured and loaded the safe on the cars at Canton; that the loading was carelessly and negligently done by reason of the fact that the plaintiff had firmly blocked and fastened it, in contact with an iron bolt or projecting piece of iron so that while in transit it had constantly come in contact with the iron bolt, and was greatly damaged.

The answer set forth the absence of ordinary or reasonable care on the part of the plaintiffs, and the distance of the station of Wharton to the town of Stillwater, by reason of which the defendant in error had no means or knowledge of the damaged condition of the safe, until its arrival, and unloading and delivery to him at his place of business in the city of Stillwater.

The defendant thereupon declared that upon receiving the safe and finding it in the condition described, he had "immediately refused to accept the said safe, and so notified the plaintiffs and has ever since refused to accept the said safe under said contract, and has repeatedly requested the plaintiffs to remove the said safe, and change said contract."

The defendant thereupon denied that he was indebted to the plaintiffs upon said contract in the sum of two hundred and twenty five dollars, or any other sum.

Thereafter the cause came on for trial, upon the 22d day of May, 1894, before the judge and a jury. After about half the testimony had been produced in the case, the defendant applied to the court for leave to file an amended answer, and was gived leave to do so by the court, over the objection of the plaintiff.

The defendant thereupon forthwith filed his amended answer in this:

"That he admits the acceptance of the safe therein mentioned, subject to a deduction from the purchase price, of the amount of damage occasioned to said safe by the fault and negligence of plaintiffs; that by reason of the injury and damage to said safe, as in defendant's answer set forth, said safe was, and is, reduced in value to the sum of two hundred dollars, of which fact defendant notified plaintiffs before bringing the action, for the amount of which sum the defendant is entitled to credit upon the purchase price of the safe. That at the time of the commencement of this action, there was nothing whatever due plaintiff upon the contract sued upon. That prior to the commencement of the action, defendant tendered to plaintiff the sum of seventy-two dollars in full of all amounts due under the contract at the time of the commencement of the suit, which amount the plaintiff refused to have and at all times refused to accept."

To the filing of this amendment to the answer, the plaintiff objected, " because he was not prepared to meet the change in the issue, and would require time to take plaintiff's evidence in Ohio by a deposition," which objection was overruled by the court, and defendant was allowed to file the amended answer. The plaintiff thereupon excepted and asked for a continuance to take proof for plaintiff in Ohio upon the issues as changed by the amendment, which the court also overruled, and which ruling was duly excepted to. The taking of testimony thereupon proceeded, and the jury rendered a verdict in

behalf of the plaintiff for the sum of seventy-two dollars and fifty-six cents against the defendant.

*Geo. P. Uhl,* for plaintiff in error.

*R. A. Lowry* and *Maher & Holt,* for defendant in error.

The opinion of the court was delivered by

McATEE, J.:    It is contended by the plaintiff in error that under the provision of the contract that the plaintiff was to " deliver the safe on board the cars at Canton, Ohio," that the plaintiff discharged its whole duty by placing the safe on board the cars, and that it was not required of it to properly fasten the safe on the cars, for that would require the plaintiff to do something not stated in the contract, and that the contract provides that "no agreement of any kind not stated in this order shall become a part of this contract."

Evidence was adduced tending to show that the safe upon being placed upon the cars by the plaintiff was crated and fastened opposite and near a bolt or bolts which protruded from the side of the car, and that by rubbing against this bolt or bolts the holes were produced during the transit of the safe, which constituted the damage complained of.

The court instructed the jury upon this point, that:

"5.    If you find from the evidence in this case that the plaintiff agreed to place this safe upon the cars at its factory, and took upon itself the burden of so placing the safe upon the car and loading it therein and preparing it for shipment, and if you further find that the plaintiff was negligent in placing the safe in the car, and by reason of such negligence the safe was injured while in transit from the factory to Wharton, then, and in that case, the plaintiff would be liable for such damage as oc-

.curred by reason of the failure of the plaintiff to properly load the safe for shipment from its factory to the place where it was to be delivered, at Wharton.

"6. If you find from the evidence that the plaintiff undertook to load this safe, then it was the duty of the plaintiff to so place that safe in the car and so protect it from injury as would be ordinarily sufficient protection to insure its safe transit, but would not be liable for any injury to the safe occurring out of any accident which might happen to the railway cars or company or track over which this safe was being carried, but would be liable for such injury as resulted by reason of its being improperly placed in the car, to insure its proper and safe passage from its factory to the station of Wharton.

"7. If you find from the evidence in this case that this safe was loaded in the car at a point near one end of the car, and adjacent to bolts projecting from the end of the car and by reason of such fact the safe in question was injured, then and in that event the plaintiff would be liable for the loss." * *

We think there was no error here. The proper loading of the safe was the duty of the plaintiff and not of the defendant, who resided too far from the point of delivery to either inspect the thing ordered or the method of its delivery. It was the duty of the plaintiff to place the safe on board the cars in a proper manner, and the evidence shows that the plaintiff did undertake the duty of packing or storing the safe, and in doing so, it was incumbent upon it to do so in such a manner as that the storing itself would not be the cause or lead to injury.

It is again argued by the plaintiff that improper testimony was admitted upon the measure of damages, inasmuch as the witnesses, Knauss, Swiler, Stowe and the defendant himself were sworn as experts not having shown the proper qualifications.

Knauss testified that he had had two years experience in buying, selling and handling fire proof safes, and that

he thought " one hundred dollars would be small enough for the damages. A safe that has been damaged is so depreciated in value to a great extent, and sometimes is almost unsaleable."

Swiler testified that he had been in the hardware business twenty-five years, and had been buying and selling fire proof safes for twenty-three or twenty-four years; that he had examined the safe in question and "didn't think the safe would answer as a fire proof safe in the condition it was in, for the reason that the filling must be kept air tight, and the saltpeter, if it is left open, will evaporate if the air gets into it." And that, " the damages now I would state would not be less than seventy-five dollars," and don't think that it could be sold for much less than cost.

Stowe testified that he had handled burglar and fire proof safes for eleven years, during which time he had " used, handled, bought and sold them;" that he had examined the safe in question, and thought its market price was "damaged nearly one-half what the safe was worth."

While the defendant's testimony was that he had been in the jewelry business about eight years and had, during that time, used five different safes, and that he didn't " think that the safe was worth over half what it was before the holes were punched in it."

We think this testimony was competent and proper to be admitted to the jury.

It is contended by the plaintiff in error that the tender set up in the amendment to the answer was insufficient. To this it must be said that no objection was made to the form of the tender at the time it was made, and that the allegation in the amendment was sufficient to admit the testimony on that point, a part of which was produced

in the cross-examination of the defendant upon the question proposed by the counsel for the plaintiff:

"Ques. Do you remember about what time that was, Mr. Holt, that yon made that tender; I remember the tender being made; I know I came to your place of business and I think you offered me—I think it was all over one hundred dollars—is that correct? Ans. It was the amount, two hundred and twenty-five dollars, less the freight charge and one hundred dollars, which would make it seventy some dollars, I think."

No objection was made by counsel for plaintiff in error to any insufficiency in the pleading of the tender, at the time of the trial. It is too late to take advantage of it for the first time after judgment.

It is contended by the plaintiff in error that the filing of the amended answer during the trial by leave of the court, completely changed the issue in the case, and that a new defense was set up entitling the defendant to a continuance upon application to the court.

The case was tried under the Code of Civil Procedure of 1890, which provides that, § 4433, p. 819:

\* \* "No cause shall be delayed by reason of an amendment, excepting only the time to make up the issues, but upon good cause shown by affidavit of the party or his attorney asking such delay."

Section 4434 provides:

"The affidavit shall show distinctly in what respect the party asking for the delay has been prejudiced in his preparation for trial by the amendment."

No such affidavit was filed by the plaintiff, nor was there any error in refusing to delay the case by reason of the amendment to the answer.

We find no error in the case and judgment of the court below will be affirmed.

Dale, C. J., who presided in the court below, not sitting; all the other Justices concurring.