## CENTRAL PETROLEUM CO. v. LEWIS.

No. 14574—Opinion Filed March 4, 1924.

1. **Evidence — Opinions — Damage to Stock.**

One who has been a farmer and stock raiser for many years is competent to testify as to the amount of damages done his stock by reason of drinking from a stream polluted by oil and salt water.

2. **Appeal and Error—Objections to Instructions—Necessity for Requests.**

The rule is well established that where the instructions of the court do not cover all the phases of the case, counsel is bound to call the court's attention to the omission by an appropriate request for additional instructions, or be precluded from making such failure available as reversible error.

3. **Trial—Verdict—Surplusage.**

A jury, finding for plaintiff in a certain amount against defendants for negligent injury to stock, may not segregate this amount

and make each liable for a portion thereof, and that part of the verdict undertaking so to do must be considered as surplusage.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from County Court, Washington County; Robert D. Waddill, Judge.

Action by A. E. Lewis against Central Petroleum Company et al. Judgment for plaintiff, and defendants bring error. Affirmed.

Shipman & Lewis, for plaintiff in error.

Pennel & Harrison, for defendant in error.

Opinion by PINKHAM, C. This was an action commenced in the county court of Washington county by defendant in error against the Meridian Petroleum Corporation, Central Petroleum Company, a corporation, and the Continental Oil Company, a corporation, for damages to cattle, mules, and poultry, alleged to have been caused by the negligent acts of the defendants in permitting oil and salt water to escape from their wells and to flow into the stream which runs through the premises of the plaintiff. Plaintiff alleges in his petition that by reason of these acts of the defendants he has been damaged by having his cattle, mules, and poultry poisoned by drinking from said water so poisoned and contaminated, and in having the timber on his premises killed, and asks damages in the sum of $995.

The plaintiff in error Central Petroleum Company filed its separate answer to plaintiff's petition in which it denies generally and specifically all of the allegations of the petition except that this defendant is a corporation.

The case was tried to a jury and resulted in a verdict for the plaintiff in the sum of $850.

The Meridian Petroleum Company made no appearance, either in person or by counsel. During the progress of the trial the plaintiff moved the court to dismiss said cause as to the defendant Continental Oil Company, which motion was sustained by the court, and the cause dismissed as to the Continental Oil Company.

At the close of the plaintiff's evidence the defendant Central Petroleum Company demurred thereto, on the ground that said evidence was insufficient to support a judgment in favor of the plaintiff and against said defendant, which demurrer was overruled, to which action of the court the defendant

Central Petroleum Company duly excepted.

Thereupon said defendant Central Petroleum Company introduced its evidence and rested. Motion for new trial was filed and overruled, to which ruling of the court said defendant Central Petroleum Company duly excepted, and gave notice in open court of its intention to appeal said cause to the Supreme Court.

A number of assignments of error are set out in the petition in error for the purpose of reversing the judgment of the trial court. These assignments are disclosed in the brief of plaintiff in error, Central Petroleum Company, under three propositions: First, that the court erred in admitting opinion evidence of the plaintiff as to the value of trees and live stock in question, and the amount of damages thereto; second, the court erred in failing to instruct the jury properly on the burden of proof; third, that it was reversible error for the court to correct the verdict of the jury.

It is contended under the first proposition that the plaintiff alone testified as to the amount of damages and over the objection of plaintiff in error was permitted to say how much he had been damaged on each item. The cases of Kansas City Railway Company v. Hurley, 61 Okla. 241, 160 Pac. 910, Wichita Falls & N. W. Ry. Co. v. Gant, 56 Okla. 727, 156 Pac. 672, and Mitchell v. Wadsworth, 78 Okla. 125, 188 Pac. 1078, are cited in support of plaintiff in error's contention that the method of proving damages in this case was prejudicial to the rights of the plaintiff in error.

The rule announced in these cases is to the effect that the witness should have been required to state the facts and not his conclusions as to the amount of damages he has sustained; that he should be permitted to state the condition, quality, and value of the property; if any of the property was destroyed or injured in any respect, that should be shown; that the jury should be allowed to draw their conclusions from these facts as to the amount of damages that the plaintiff sustained in that respect. An examination of the testimony of the plaintiff shows that he was a farmer of many years' experience, and had handled cattle and was acquainted with their value. He testified as to the condition of his stock both before and after the pollution of the stream running through his premises, from which his stock were injured by reason of drinking the polluted water. Plaintiff then

stated the amount of the damages to the four cows that had lost their calves; to the five head of other cattle that drank from this stream and had deteriorated in flesh thereby; to the two mares that had lost their colts. and the mules and other stock that were damaged, and that he knew what the damage to his stock was by reason of drinking the polluted water, and he was permitted to state the amount of such damage. It will be seen, therefore, that the witness described the property and its use, and related in what way each item had been injuriously affected by reason of drinking the polluted water. In the case of Chicago, R. I. & P. Ry. Co. v. Johnson, 25 Okla. 760, 107 Pac. 662, the rule announced applicable to this case is as follows:

"The witness being an experienced farmer, his opinion is admissible to prove the value of a growing crop, and it is further proper to permit him to state the facts from which his conclusion was arrived at in order to aid the jury in determining whether or not this witness was correct."

In 17 C. J. 1039, it is said:

"If a party has stated not only that of his damage to his property, but in what particulars such damages have arisen, it is sometimes permissible to allow him to make a general estimate of the amount, leaving it to the cross-examiner to develop the assumed amount of each item."

Under the second proposition it is urged that the court erred in failing to instruct the jury properly on the burden of proof.

It is contended that the answer of the plaintiff in error denied all of plaintiff's allegations except that it is a corporation; that the court should have told the jury that by reason of this answer the burden of proof was on the plaintiff to establish the allegations of his petition by a fair preponderance of the evidence.

In instruction 3. the court said:

"You are instructed that if you find from a fair preponderance of the evidence, that the defendant carelessly, negilgently operated and managed said oil and gas mining lease so as to cause salt water to be discharged and flow over the surface of the land and into the streams used for watering stock, and that the plaintiff's stock and timber were poisoned thereby, then, and in that event, your verdict should be for the plaintiff for such sum as will reasonably compensate him for the damage sustained and proven in this case."

And in instruction 4, the court said:

"* * * And the burden is upon the plaintiff to prove his allegations of the value of said damages."

"It is not required that the entire law of the case should be stated in a single instruction, and it is, therefore, not improper to state the law, as applicable to particular questions or particular parts of the case in several instructions, and if there is no conflict in the law as stated in different instructions, and all the instructions considered as a series present the law applicable to the case, it is sufficient." Grant v. Milam, 20 Okla. 672, 95 Pac. 424.

It is further contended under the second proposition that the court presented plaintiff's theory to the jury but failed to present defendant's theory. We think, from an examination of the instructions given by the court, that they fairly presented the issues in this case.

Furthermore, the record discloses that no request was made by counsel for plaintiff in error for additional instructions, if those given were deemed insufficient.

In the case of Rose v. Cochran, 84 Okla. 148, 202 Pac. 1003, the rule applicable to the state of facts shown by the record is stated as follows:

"The rule is well established that, where the instructions of the court do not cover all the phases of the case, counsel is bound to call the court's attention to the omission by an appropriate request for additional instructions, or be precluded from making such failure available as reversible error.

"Where an instruction is correct so far as it goes, and it is urged by the defendant that under his theory of the case additional instructions should have been given, reversal will not be had unless a supplemental instruction is requested by such defendant embodying such theory."

It is further contended that some of the damage was done to plaintiff's stock in August and September and that plaintiff did not examine defendant's lease where he saw salt water flowing until December.

It is sufficient to say that an examination of the record discloses that there was ample evidence with reference to the plaintiff in error's acts of negligence in permitting salt water and oil to flow from its lease into the said stream, to submit to the jury the question of whether or not plaintiff in error contributed to the damages sustained by the defendant in error.

The third proposition discussed in plaintiff in error's brief is that it was reversible error for the court to correct the verdict of the jury.

The jury's verdict was as follows:

"We, the jury, empaneled and sworn in the above entitled cause, do upon our oaths find for the plaintiff and fix the amount of his recovery at $850, $425 to be paid by Meridian Petroleum Corporation, and $425 to be paid by Central Petroleum Company."

The plaintiff objected to the form of the verdict when it was returned, and later filed a motion to strike therefrom the following:

"$425 to be paid by Meridian Petroleum Corporation, and $425 to be paid by Central Petroleum Company."

On February 10th, the plaintiff's motion was sustained, to which the defendant excepted.

The verdict as returned by the jury was responsive to the issue which had been tried, and we think clearly disclosed the intention of the jury to find in favor of the plaintiff in the amount of $850 as was plainly stated in their verdict.

As amended by the court, the verdict was made to read as follows:

"We, the jury, empaneled and sworn in the above entitled cause, do upon our oaths find for the plaintiff and fix the amount of his recovery at $850."

The finding of the jury as to how the damages should be divided between the two defendants was, in view of the evidence and the instructions of the court, surplusage, and the court had the right to so treat the same.

In the case of Jantzen v. Emanuel German Baptist Church, 27 Okla. 473-483, 112 Pac. 1127, a verdict was returned in favor of the plaintiff and further found that each party should pay one-half of the costs.

In the opinion it is said:

"They arrived at and returned into court in the first instance a verdict upon which a judgment could have been entered. It is true that that portion of the verdict dealing with the costs was a matter over which the jury had no jurisdiction, but it was mere surplusage and could have been so treated by the court, and a valid judgment entered in favor of the plaintiff for possession of his property and for costs."

A verdict similar to the one at bar was considered in the case of Pearson v. Arlington Dock Co. (Wash.) 189 Pac. 559. The verdict in that case was as follows:

"We, the jury in the above entitled cause, do find for the plaintiff and against both defendants in the sum of $3,750 each, Arlington Dock Co. North Coast Stevedoring Co. dollars ($7,500.)"

The court said:

"While the verdict is somewhat awkward, it is perfectly plain that the jury meant to find a verdict of $7,500 for the plaintiff against both defendants; each defendant to pay one-half of that amount. The jury did not have any right to segregate this amount and make each defendant liable for a portion thereof; consequently that portion of the verdict where the jury undertakes to do so must be considered surplusage."

From an examination of the entire record, we conclude that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.