[Civ. No. 7367. First Appellate District, Division One.—December 26, 1930.]

HOWARD F. HERRICKS, Appellant, v. F. HENNESSEY COMPANY (a Corporation) et al., Respondents.

Spencer G. Prime and C. K. Bonestell for Appellant.

J. E. McCurdy for Respondents.

KNIGHT, J.—This is an action for damages on account of personal injuries plaintiff claimed to have sustained as a result of a collision between an automobile driven by him and a truck belonging to the defendant corporation and operated by the defendant Costigan. Upon trial before a jury, a verdict was rendered in favor of the defendants,

and plaintiff appeals from the judgment entered thereon. The single question involved relates to certain proceedings had after the cause had been submitted to the jury, and just prior to the rendition of its verdict.

Plaintiff's cause of action was based upon the alleged negligence of the driver of the truck; and one of the defenses urged was that plaintiff was guilty of contributory negligence. The court fully, fairly and correctly instructed the jury upon the law relating to those issues, and several times throughout its charge informed the jury in substance that contributory negligence, to bar a recovery, must proximately contribute to the happening of the accident. After the jury had deliberated for some time it returned into court, and upon inquiry by the court the foreman announced that the jury had agreed upon a verdict. Thereupon the following proceedings took place: "The Court: Read your verdict, Mr. Foreman. The Foreman: 'We the jury in the above entitled cause find negligence on the part of both parties by a vote of nine to three.' The Court: Read that again. The Foreman: 'We the jury in the above entitled cause find negligence on the part of both parties by a vote of nine to three.' The Court: Yes, that is proper but I might add to that that finding negligence of both parties, under the instructions of the court, your verdict should have been for the defendants. The Foreman: There was a little doubt on that point. The Court: If you find any negligence on the part of the plaintiff then the plaintiff will not recover." The court then requested the jury to retire and correct the verdict "in that way", adding, "that is, if you agree to it". Whereupon the jury again retired and subsequently returned a verdict in due form, finding for the defendants.

The contention plaintiff makes is that the remarks of the court amounted to an instruction upon the law of negligence, and that since the element of proximate cause was omitted therefrom the instruction was erroneous. In our opinion there is no merit in the contention. ██ Section 619 of the Code of Civil Procedure reads as follows: "When the verdict is announced, if it be informal or insufficient, in not covering the issue submitted, it may be corrected by the jury under the advice of the court, or the jury may be again sent out"; and in construing said

section it has been held that while a trial court may not interfere with or control the jury in passing upon the evidence, it may nevertheless exercise a salutary supervisory power over their verdict (*People* v. *Knutte*, 111 Cal. 453 [44 Pac. 166]; *Redo y Cia* v. *First Nat. Bank*, 200 Cal. 161 [252 Pac. 587]); that where the verdict is defective in form it becomes the court's duty to call the attention of the jury to such fact and to advise them wherein it should be corrected; and that the correction may be made in the presence of the court, or the jury may retire to further consider their verdict and put it in proper form (*Stewart* v. *Taylor*, 68 Cal. 5 [8 Pac. 605]).

As stated, the jury in the present case had been fully instructed upon the element of proximate cause in connection with the alleged contributory negligence of the plaintiff, one of the instructions being to the effect that the defense of contributory negligence was not established unless it was ''proved by a preponderance of the evidence that the injuries sustained by plaintiff were the result of his own negligence proximately contributing thereto . . . ''. In another, after stating that if the plaintiff was guilty of contributory negligence he could not recover, the court added: ''By contributory negligence I mean negligence on the part of the plaintiff which is in some degree a contributing, proximate or direct cause of the accident.'' And then summarizing the law upon the subject the court stated: '' . . . one of your first considerations in determining the matters involved herein is (what) was the proximate or direct cause of the collision. In determining this fact, you must take into consideration all the evidence before you and from this evidence determine the direct cause of the accident. When you have determined the direct cause of the accident, then it is your duty to determine whether the plaintiff or the defendants were responsible for the cause or causes. If the plaintiff himself is responsible, then your judgment must be for the defendants and against the plaintiff. If both the defendants and the plaintiff were responsible, then your judgment must be for the defendants and against the plaintiff.''

It may be fairly assumed, therefore, that when the jury returned the informal verdict finding ''negligence on the part of both parties'' it meant the character of negli-

gence about which it had been instructed, namely, negligence contributing proximately to the cause of the accident. That being so, the verdict should have been in favor of the defendants. But, as already appears, it was not in that form, and consequently, under said section 619, it became the duty of the court to have it corrected, which it proceeded to do, by explaining to the jury, in effect, that having found negligence on the part of both parties, "under the instructions of the court", its verdict should be for the defendants, provided such was the verdict agreed upon. It is plain to be seen, therefore, that the remarks complained of were never intended as an additional instruction as to the law of the case, but merely as directions to the jury to correct the form of its verdict so that it would conform legally to its expressed finding. And the fact that the jury had already been fully instructed as to the law of the case and asked for no further instructions, either before or after the matter of the form of the verdict was disposed of, confirms the belief that it accepted the remarks as they were intended and was in no manner misled thereby.

Even construing the remarks as an instruction as to the law of the case, no sufficient grounds for reversal are shown, because, as will be noted, the remarks were qualified by the clause "under the instructions of the court", which had the effect of connecting the same directly with and making them a part of the instructions theretofore given (*Hall* v. *Steele*, 193 Cal. 602 [226 Pac. 854]), and the latter, as already pointed out, fully covered the element of proximate cause.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.