## SAINT PAUL FIRE & MARINE INS. CO.
## v. MACKEY-McBRAYER LUMBER CO.

No. 21476. Opinion Filed March 28, 1933.

Mauntel & Spellman and Matson, Stearns & Villepigue, for plaintiff in error.

A. R. Carpenter, for defendant in error.

RILEY, C. J. This is an appeal from a judgment rendered against plaintiff in error upon a claim arising under a hail insurance policy. The policy issued by defendant to plaintiff covered 250 acres of wheat and insured plaintiff against loss by hail to the extent of $10 per acre. A clause of the policy provided:

"In event of the total destruction by hail only of the crops hereby described, or any part thereof, the amount payable hereunder as to each acre where this policy covers shall be the amount per acre named herein, and in event of partial destruction by hail only of the crops, or any part thereof, described in this policy, the amount payable per acre under this policy shall be in such proportion to the amount per acre specified herein as

the damaged portion of said crop, or crops, bear to the sound coondition of the particular crop, or crops, so damaged."

The effect of this clause was to fix an arbitrary value for insurance purposes of $10 per acre upon plaintiff's crop of wheat. Plaintiff claimed a partial destruction by hail to the extent of 25 per cent. Another clause of the policy provided that defendant should not be liable in any sum unless the damage or loss was sustained by hail only to the extent of 5 per cent.

Defendant specifically denied that plaintiff sustained a loss by hail in any amount equal to 5 per cent.

The petition in error contains assignments of error involving the question of waiver of proof of loss, but these assignments are not presented in the brief and will on that account be treated as abandoned. The only other questions presented go to the sufficiency and admissibility of the evidence. The principal question is as to the method of proof. Plaintiff and a number of his witnesses were permitted, over the objection of defendant to testify that they had from 10 to 20 years experience in raising wheat in that section of the country, and that they had considerable experience in the matter of determining whether or not wheat had been damaged by hail and the extent of such damage, and that they could from such experience examine a wheat field after it had been damaged and tell whether the damage was caused by hail or wind, and could tell from such examination the approximate percentage of damage done by hail; that they examined plaintiff's wheat shortly after the date of the alleged hailstorm, and in their opinion it was damaged by hail to the extent of about 25 per cent. The jury, in effect, found damage to the extent of 20 per cent. Defendant contends that this evidence was incompetent as invading the province of the jury, and that the only proper method of determining the percentage of loss is to make a count of the stalks of wheat in a drill row to a certain number, counting the stalks that are broken down by the hail, or have the heads broken off or damaged by the hail, and the stalks that appear to be undamaged, and by this method arrive at the percentage of loss, and that the actual condition of the wheat should be shown, and that the jury should determine the percentage of loss from such evidence only. Witnesses for plaintiff testified, in substance, that they went through the wheat field after the hailstorm and found many of the wheat stalks broken and fallen over, and many of the wheat heads were broken off and lying on the ground; that some of the heads were partially destroyed; that the stalks of wheat that were broken and fallen had fallen in all directions. They testified that when standing wheat is broken down by a windstorm they fall in one direction, and that by reason of the fact that fallen stalks of wheat in plaintiff's field were lying in all directions thereby they could tell that the damage had been done by hail and not by the wind. There was ample evidence tending to show that the damage, to whatever extent, was caused by hail and not by the wind.

Defendant cites a number of cases from this court which hold that in an action for damages for personal injuries, evidence, expert or lay, is inadmissible to show the quantum of damages in dollars and cents. These cases are clearly not in point, as they do not involve loss of, or damage to, personal property, and are cases wherein the amount of damage must of necessity be determined by the jury on evidence showing the extent of the injuries suffered, and can in no event be measured or determined by mathematical calculation. Defendant also cites Beam v. Farmers' Union Mutual Hail Ins. Co. (Kan.) 273 P. 440. It is therein held that in an action to recover upon a policy insuring against loss caused by hail, opinion evidence offered by plaintiff as to the percentage or extent of loss is inadmissible. That case appears to sustain plaintiff's contention, but we cannot agree with the reasoning of the learned Justice who wrote the opinion. The cases therein cited are not applicable and do not support the opinion rendered. Most of them are cases based upon tort, like the Oklahoma cases cited. Others involve questions clearly not calling for expert or opinion evidence.

The rule that opinion evidence is admissible in certain cases involving the loss of or damage to personal property is well settled in Oklahoma. Coyle & Smith v. Bowen, 3 Okla. 695, 41 P. 389; Diebold Safe & Lock Co. v. Holt, 4 Okla. 479, 46 P. 512. In the latter case it was held:

"Upon the question of what amount of damages has been done to a fireproof safe by the holes punched in it during transportation, the testimony of witnesses who have had several years experience in buying, selling and dealing in and using safes of a similar character, is properly admitted."

In Central Pet. Co. v. Lewis, 98 Okla. 26, 224 P. 186, it is held:

"One who has been a farmer and stock

raiser for many years is competent to testify as to the amount of damages done his stock by reason of drinking from a stream polluted by oil and salt water."

As stated above, the parties had, in effect, for the purposes of insurance, fixed an arbitrary value of $10 per acre on the wheat insured. This is similar to the provisions of the Workmen's Compensation Acts, which fix an arbitrary number of weeks for which compensation shall be paid for the total loss of a specific member, and proportionate number of weeks for permanent partial loss of such member. In such cases the rule seems to be that a physician, as an expert witness, may testify directly as to his opinion of the percentage of permanent partial loss of a member. Our State Industrial Commission is often called upon to fix the amount of compensation for an injured workman wholly upon the evidence of expert witnesses as to their opinion of the percentage of loss of use of a specific member. In contested cases both claimant and insurance carrier commonly use such expert testimony.

There appears to be no reason why a farmer qualified with years of experience may not express an opinion as to the percentage of loss to crops caused by hail.

In Insurance Co. v. Mathers (Tex.) 31 S. W. (2d) 1095, the admission of such evidence together with a statement of the amount of damage in dollars and cents was held not error.

The method contended for by defendant may be and doubtless is a proper method of arriving at the percentage of damage, but it is by no means the only method. Where the method contended for by defendants is used, the witness must of necessity depend to some extent upon their experience and opinion based upon such experience in determining whether or not heads of wheat have been damaged by hail.

We are of the opinion that the admission of such evidence was not error.

The judgment is therefore affirmed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.