WEST et al. v. ABNEY.

No. 33616.   May 9, 1950.

Rehearing Denied June 20, 1950.

*219 P. 2d 624.*

Doerner, Rinehart & Stuart, Harry D. Moreland, and Jack E. Campbell, all of Tulsa, for plaintiffs in error.

Wilkerson & Wilkerson, of Pryor, for defendant in error.

DAVISON, C. J. This is an action wherein Argus Abney, as plaintiff, seeks to recover from West Bros. Trucking Company, a partnership composed of E. C. and Virgil West, and their insurance carrier, Highway Insurance Underwriters of Austin, Texas, a corporation, as defendants, for damages resulting from personal injuries received in an automobile collision. The parties will be referred to as they appeared in the trial court.

At about 9:00 o'clock on the night of July 31, 1946, plaintiff, a man 56 years of age, was driving his 1934 model Ford coupe in a general northwesterly direction on State Highway No. 33, which was a narrow rough black-top road. Riding with him was one Don Cherry, a ten-year-old boy with whom he had been fishing that day. He had reached a point some 7 miles south-east of Pryor, Mayes county, Oklahoma, where the road curved sharply to the right, when he met a 1946 model V-8 Ford stock truck belonging to the defendant West Bros. Trucking Company, being driven in a general southeasterly direction by one William R. Whitehead. The truck was loaded with nine head of cattle weighing 8,000 to 8,500 pounds. One man was riding beside him in the truck and two others were riding on the back of the truck above the cab. As the two cars passed, the bed of the truck struck plaintiff's left elbow, jerking his arm out of the car and tearing it practically off. The vehicles were some distance apart when brought to a stop and, when the driver of the truck arrived at the car, he placed a small rope around plaintiff's arm to minimize the loss of blood and drove him in the coupe to the hospital in Pryor. Plaintiff's arm was amputated and he was confined to the hospital about a week. He then returned to his home for a few days and then, because of infection and severe pain, he went to the hospital in Muskogee. While there, another operation was performed on his arm.

A trial of the case to a jury resulted in a verdict and judgment for plaintiff against both defendants in the amount of $5,000, from which this appeal has been perfected. Plaintiff, in his petition, alleged that the driver of the truck was negligent in that he was driving on the left of the center of the road, at a rate of speed too great to permit bringing the vehicle to a stop within the assured clear distance ahead; that he failed to dim the lights on the truck while approaching plaintiff's car and that he failed to keep a proper look out for others and to exercise proper precaution and regard for the safety of others using the highway.

Defendants first insist herein that the evidence of plaintiff was insufficient to sustain the verdict and judgment. The evidence, as to the facts surrounding the happening of the accident, was composed of the testimony of plain-

tiff, his boy companion, the truck driver, two of the persons riding in the truck, and a highway patrolman and one of the defendants who visited the scene of the accident on the following day. In many respects, the evidence was quite conflicting. The plaintiff testified that just previous to the accident the defendants' truck was traveling at a high rate of speed; that he, plaintiff, was blinded by the lights and had pulled over to his side of the road right against the edge of the black-top surfacing; that he was struck or sideswiped by the truck; and that the truck traveled some 200 yards before coming to a stop. This testimony was corroborated by plaintiff's boy passenger, who testified that plaintiff was driving at a slow speed and tried to pull over to the right at the time of the collision, and by the highway patrolman who made an inspection of the scene of the collision on the following day and, at that point, saw dirt on the highway surface on plaintiff's side of the road. Defendants' witnesses testified that the truck was traveling about 30 miles per hour on the proper side of the highway and that the lights were dimmed as they approached plaintiff's car and that the truck came to a stop within about 35 yards.

This testimony was presented in detail to the jury under instructions to which no objection has been urged. The jury's verdict under such conditions is conclusive on this court. The rule, reiterated in the case of Atchison, T. & S. F. Ry. Co. et al. v. Perryman, 200 Okla. 266, 192 P. 2d 670, has long been established in this jurisdiction.

"Evidence reasonably tending to prove, either directly or indirectly or by permissible inference, essential facts, is sufficient to sustain judgment." Braniff v. McPherren, 177 Okla. 292, 58 P. 2d 871.

The other proposition urged by defendants goes to the validity of the procedure in the trial court, subsequent to the submission of the case to the jury. After deliberation, the jury came into the courtroom and stated that they had reached a verdict. The foreman handed it to the bailiff who, in turn, handed it to the court. Thereupon the court announced:

"The Jury returned a verdict here for the plaintiff and against the defendant, E. C. & Virgil West Trucking Company, assessing the amount of recovery at $486.20, and the Jury finds against the Highway Underwriters for the sum of $5,000.00.

"Now, if the Jury feels like $486.20 is what you think the plaintiff ought to have, then and in that event, you can not find against the Insurance Company for any greater amount than that.

"Gentlemen, I am going to ask you to retire to the jury room and return your verdict. It is unacceptable to Court in the form it is. The Court has instructed you again on that point.

"Gentlemen, I don't mean for you to arrive at any verdict except such as you may wish. I want your wishes expressed. This verdict does not quite express it, it is inconsistent."

After again retiring to the jury room, the jury returned into court and the following conversation was had between the court and the foreman of the jury:

"The Court: Gentlemen, have you arrived at a verdict? The Foreman: We don't seem to understand just how to decide it. The Court: Do you want instructions on what particular point? The Foreman: Can we change this verdict we have made? The Court: Gentlemen of the Jury, you have requested the court for further instructions. Instruction No. 1-A. You have returned into court and requested the court for a further instruction—The Foreman: (interrupting) Your instruction was all right, your Honor, but—(hesitating) The Court (continuing) in regard to your verdict in this case, you are instructed in connection with the instructions heretofore given you in regard to what you shall do, that in the event you find for the plaintiff and against the defendant Trucking Company, that the question for you to determine in this case, is if you find for the plaintiff what

amount plaintiff is entitled to under all of the facts and circumstances in the case—when you have determined the amount, if any, the plaintiff is entitled to recover against the Trucking Company and the owners of the Trucking Company, E. C. & Virgil West, you will fix the amount in one of the verdicts, and if the amount is less than the amount of the insurance policy, you will also return a verdict against the defendant Insurance Company for the same amount, and if you find for the plaintiff in an amount greater than the insurance policy, you will return a verdict for the plaintiff for that amount, and a verdict against the defendant Insurance Company for only $5,000.00, because that is the extent of their policy. Is that clear now? The Foreman: Yes. The Court: All right, and you are further instructed that as to what verdict you shall return in this case, is a question for you to determine under all the facts and circumstances in evidence before you."

Subsequently, the jury returned its verdict in favor of plaintiff and against all defendants in the sum of $5,000. The defendants saved proper exceptions to all of the steps in this procedure.

Defendants contend that the situation is analogous to, and controlled by the case of Cities Service Oil Co. v. Kindt, 200 Okla. 64, 190 P. 2d 1007. They also call attention, among others, to the cases of Daniel et al. v. Jones et al. 140 Cal. A. 145, 35 P. 2d 198, and Central Petroleum Co. v. Lewis, 98 Okla. 26, 224 P. 186.

The Kindt case is clearly distinguishable from the one at bar as expressed in a part of the syllabus therein: ·

" . . . the foreman of the jury advises the trial judge that the verdict returned was not the verdict the jury intended to return and that the jurors intended to hold only the corporate defendant liable . . . and thereafter the jury returns a verdict under such circumstances as to conclusively establish that the only reason they returned the second verdict against both defendants was to hold the corporate defendant liable . . . ."

Herein, the jury clearly intended to hold all defendants liable, but tried to fix their liability in different amounts. Upon being instructed that such could not be done, and upon further deliberation, an acceptable verdict was returned. No case has been called to our attention nor, upon independent investigation, do we find one wherein a like situation was presented. The applicable rule is stated in 53 Am. Jur. 762-764, as follows:

"The principle is general that when a jury return . . . a . . . verdict . . . in disregard of the instructions of the court, they may be directed by the court to reconsider it and bring in a proper verdict . . . This may be done with or without the consent of counsel and should be done whether requested or not . . . The action of the judge in the correction of verdicts should be taken with great caution."

In following the above rule, the Kansas Court, in the case of Abmeyer v. German-American State Bank et al., 103 Kan. 356, 179 P. 368, said:

"It is insisted there are two verdicts, but there is only one real verdict; the court very properly refused to accept the first one returned, and it did not become a verdict until it was accepted. The court refused to accept it because it was manifestly contrary to the law and facts of the case as well as to the court's instructions. It showed that the jury believed from the evidence that plaintiff was entitled to recover from both defendants. Under the law of the case, about which there could have been no dispute, if both defendants were liable, Mueller's liability was necessarily as great as that of the bank; it might exceed that of the bank, but could not be less."

The trial court, in the instant case, was very careful about the method of instructing the jury as to the form of verdict that was acceptable, without intimating as to what that verdict should be. There was no prejudicial error in the proceeding.

The judgment is affirmed.

ARNOLD, V. C. J., and CORN, GIBSON, LUTTRELL, HALLEY, and O'NEAL, JJ., concur. JOHNSON, J., who presided at the trial below, not participating.