[Civ. No. 15532.   First Dist., Div. Two.   Nov. 19, 1953.]

ALFRED BRAND, Appellant, v. ALVIN E. NORRIS et al., Respondents.

Nichols, Richard, Allard & Williams and Edward M. Digardi for Appellant.

Partridge, O'Connell & Whitney and John P. Whitney for Respondents.

NOURSE, P. J.—In reciprocal negligence actions of the parties to an automobile collision the verdict of the jury was as follows:

"We, the Jury in this case, find that the evidence is insufficient to place the blame of the accident on either party; therefore the jury does not render a verdict for any party to this case."

On this verdict a judgment was entered to the effect that neither plaintiff nor cross-complainant take anything by their actions. Motions of plaintiff for a new trial and to set aside the judgment because not supported by a proper verdict were denied and plaintiff appeals from the judgment that he take nothing. There is no appeal from the judgment insofar as it is adverse to cross-complainant.

Appellant contends that no verdict for any party is not a verdict for the defendant and the cross-defendants but no verdict at all, so there is nothing on which the judgment could be entered. Considering the circumstances of the case we have concluded that this position is untenable.

Originally the last part of the verdict as brought in by the jury read, "the jury does not render a verdict for *either* party to the case" and the word "either" was changed to "any" at the instance of the court. After this had been done the attorney for respondent pointed out that the jury meant that they did not award damages to any party, which would actually be a verdict in favor of defendant (and cross-defendants). The attorney for appellant then stated that no verdict was a proper verdict, after which the foreman of the jury declared that it was their opinion that no damages could be awarded as they could not fix any blame against either party. Answering questions of the court the foreman further declared that it meant that neither party had sustained its burden of proof. A poll of the jury showed that eleven were in favor, one against the verdict.

Appellant relies on the cases which hold that a verdict against one of two defendants but which is silent as to the other defendant is not a verdict in favor of the latter but is merely a failure on the part of the jury to find upon all of

the issues. (*Brokaw* v. *Black-Foxe Military Institute,* 37 Cal.2d 274, 279 [231 P.2d 816] and cases there cited.) This is not a case where the verdict is silent as to one or all defendants or issues. ■ The first part of the verdict "that the evidence is insufficient to place the blame of the accident on either party" means exactly what the foreman later explained it to mean, to wit, that neither party plaintiff had sustained its burden of proof, and thus it decided all issues in the case. The latter part of the verdict was informally and insufficiently formulated, but because of the preceding part there could be no doubt that the court's understanding of the verdict as a whole, in which the attorneys of the parties acquiesced, was the correct one. (See *Herricks* v. *F. Hennessey Co.,* 110 Cal.App. 654 [294 P. 739].) ■ Although it is true that explanations by the jury cannot give a verdict a meaning which it would not have had without them (compare *Mish* v. *Brockus,* 97 Cal.App.2d 770 [218 P.2d 849]) and that the normal proceeding is formal correction by the jury under the advice of the court (Code Civ. Proc., § 619) such informal explanations can be used to confirm the correctness of the court's understanding. (See *Fennessey* v. *Pacific Gas & Elec. Co.,* 10 Cal.2d 538, 542 [76 P.2d 104].)

■ The following language from *Curtis* v. *San Pedro Transp. Co.,* 10 Cal.App.2d 547, 548-549 [52 P.2d 528], is apposite to this case:

"If the defendant was dissatisfied with the form of the verdict, he should have asked, at the time it was announced that it be made formal and certain; otherwise it was the duty of the court to construe it so as to give it the effect intended by the jury, if the intended effect could be ascertained from its language, considered in connection with the pleadings and evidence. . . . And as a general rule, a party will not be heard to object to a verdict for the first time on appeal from the judgment, if it is susceptible of a construction which may have a lawful and relevant effect (citation), and this case does not appear to fall within any exception to the rule." See, also, as to the rule that failure of an appellant to draw the attention of the court below to a claimed infirmity of a verdict constitutes a waiver thereof: *Kirby* v. *Adcock,* 116 Cal.App.2d 570, 571 [253 P.2d 700] ; *Brown* v. *Regan,* 10 Cal.2d 519, 523 [75 P.2d 1063].

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.