Jack A. WIGGINS and Sylvia G. Wiggins, Plaintiffs in Error,

v.

E. W. DAHLGREN, W. E. Dahlgren and J. C. Dahlgren, Individually and d/b/a Dahlgren Construction Co., a partnership, Kenneth Ray George, Truman Branch, the Frozen Foods Express, Inc., a foreign corporation, and the Transport Insurance Co., Defendants in Error.

No. 40691.

Supreme Court of Oklahoma.

Sept. 14, 1965.

Gus Rinehart, Oklahoma City, H. G. E. Beauchamp, Miami, and Dennis E. Beauchamp, Jay, for plaintiffs in error.

Best, Sharp, Thomas & Glass, Tulsa, for defendants in error Frozen Foods Express, Inc., and Transport Insurance Co.

Hudson, Hudson, Wheaton, Kyle & Brett, Tulsa, for defendants in error Dahlgren.

BLACKBIRD, Justice.

This action for damages was commenced [1] on account of the alleged wrongful death of a minor, Donald Ray Wiggins, by his parents and sole survivors, who are plaintiffs in error, but will hereinafter be referred to by their trial court designation of "plaintiffs". The minor was killed in an automobile accident that occurred in December, 1960, on U. S. Highway 69, approximately a mile and a half south of Pryor, where the defendants in error, doing business as Dahlgren Construction Company (hereinafter referred to as "defendants") were engaged in repairing said highway. At the time of the accident, the minor was a guest passenger in an auto referred to as the "Burgess car", that was following another auto referred to as the "Yocham car" in a northerly direction on said highway. The minor's death occurred when the Burgess car collided with a truck owned by Frozen Foods Express, Inc., and operated by Messrs. George and Branch. At one time, the defendants in the action were V. V. Yocham, driver of the Yocham car, the partners in the highway construction company, the Frozen Foods Express, Inc., its truck's operators Branch and George, and its insurance carrier; but, at the trial, the court sustained Yocham's demurrer to plaintiffs' evidence and dismissed him from the action; and this ruling has never been appealed.

After the remaining defendants had introduced their evidence, and four or five hours after the case had been submitted under the court's instructions, the jury returned from its deliberations to the court room with a verdict for said defendants, signed by ten of its members, including its foreman. During the polling of the jury, it was revealed that the foreman did not concur in the verdict, but had signed it under the belief that this was necessary to its proper form. After the polling showed that the verdict was concurred in by the other nine jurors who had signed it, the trial judge made the following request of the jury: " * * * would you please retire to

the jury room and make the verdict in conformity with your. * * *" The record shows that the jury then returned to the jury room and requested a new verdict form. Apparently, at some indeterminate time thereafter, the jury, by its foreman, submitted to the Judge a written communication asking the following questions: (1) "* * * can some of the jurors change their ballots * * *"; and (2) "* * * or does the verdict have to stand as before * * *"? The answer to these questions that the Judge sent back to the jury by its foreman were: "No" to (1), and "yes" to (2). The attorney for plaintiffs then objected to these quoted directions the court had given the jury, and requested that the jury be permitted to re-open its deliberations on the case. When this request was refused and the jury returned to the court room with a new verdict just like the previous one, except without the foreman's signature on it, the attorney for plaintiffs orally moved the court to declare a mistrial. When this motion was overruled, and the jury was again polled with the same result as the previous poll, plaintiffs objected to the "receiving and filing of the verdict for the reason that the verdict apparently was returned to the court after the court refused to allow the jury to deliberate further." This objection was overruled, and the court announced that: "This verdict will be received and ordered filed."

After judgment was entered for defendants on said verdict, and the overruling of plaintiffs' motion for a new trial, the latter perfected the present appeal.

The majority of plaintiffs' argument for reversal of the judgment appealed from deals with the alleged errors of the trial court that resulted in the jury's being required to register the same votes on the last of the above-mentioned verdict forms that they intended to indicate on the first one, without any further deliberation on the case, or any juror being allowed to change his vote, if he or she so desired. They quote Bishop v. Mugler, 33 Kan. 145, 5 P. 756, cited in Frick v. Reynolds, 6 Okl.

638, 52 P. 391, and set forth a quotation from Abmeyer v. German-American State Bank et al., 103 Kan. 356, 179 P. 368, 370, found in this Court's opinion in West v. Abney, 203 Okl. 227, 219 P.2d 624, to the effect that the decision of a jury does not become a verdict until it is accepted by the court and recorded in the case. They say that, until that is done, the members of the jury are free to change their votes—even to the extent of changing the verdict; and, apparently as an indication of the continuous power of a jury over its own verdict, and to show that a trial judge is without exclusive power to dictate, or effect, even a change in the form of the verdict, they cite the following portion of Tit. 12 O.S. 1961, § 586: "* * * [i]f * * * the verdict be defective in form only, the same may, *with the assent of the jury,* before they are discharged, be corrected by the court." (Emphasis added.)

■ Plaintiffs apparently find no fault with the trial judge's rejection of the jury's first form, or expression, of a verdict in the present case, or with his returning said writing, without his approval or acceptance, to the jury, so that said body was afforded an opportunity of correcting it by its own hands; but what they do seriously object to is that he restricted the jury's sphere of action to removal of the foreman's name as a signatory, rather than allowing said body the freedom of further deliberating on the merits of the case, and, if it saw fit, of reaching an entirely different verdict. They say that for a trial judge to tell the jury what its final determination should be—as they say the judge in this case did— is contrary to the admonition to such judges contained in paragraph 7 of the syllabus in West v. Abney, supra, that, in correcting verdicts, trial judges must proceed "with great caution" and be careful "not to intimate" to the jury what its determination should be. We agree. In Bishop v. Mugler, supra, the court said:

"* * * The determination of a jury, although formally stated in a verdict, and signed and sealed, is not final

with them, but it remains within their control, and subject to any alteration or amendment they desire to make, until it is actually rendered in court and recorded. It is well settled that any member of the jury is at liberty to withdraw his consent from a verdict already agreed upon, at any time before it is received and recorded, (Root v. Sherwood, 6 Johns. 68; Proff. Jury, § 449;) and until a sealed verdict is properly received and recorded in court, it is without force or validity."

This was the view of the Supreme Court of Kansas at the time section 586, supra, was adopted in this jurisdiction from that State and it has never been amended, or overruled, and is still the law there. See R.S. 60–2917, as set forth in General Statutes of Kansas (Ann.) 1949. The fact that Bishop v. Mugler and Frick v. Reynolds, supra, involved verdicts required to be unanimous, or juries of a different size, does not detract from the correctness of that view, nor render those decisions inapplicable here, as defendants suggest.

Although we do not go along with plaintiffs' argument to the extent of concurring in their positive statement that the verdict the trial judge finally accepted and directed to be filed "was contrary to the jury's expressed wishes", we do regard said body's inquiry of the judge as to whether some of its members could change their votes, as some indication that there were jurors who may have desired to do so, or at least were considering such action. To conform to the previous court expressions referred to herein, members of the jury which heard the evidence in this case should have been free, if they so desired, to have changed their votes at any time until their determination (results of their balloting) was accepted and recorded as a verdict.

In accord with the foregoing, we are of the opinion that in denying the jury a voice, or option, and freedom of action, in changing its verdict, the trial court committed reversible error. (In perhaps the most recent similar case that has been be-fore this court, Teeter v. Pack, Okl., 381 P.2d 1016, the trial judge said nothing to the jury that could have had such effect). On account of this error alone, the trial court should have sustained plaintiffs' motion for a new trial. In view of this conclusion, it is unnecessary to discuss other arguments urged for reversal. The order and/or judgment overruling plaintiffs' motion for a new trial appealed from herein, is therefore reversed, and this cause is remanded to the trial court with directions to grant plaintiffs a new trial.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, IRWIN, BERRY and HODGES, JJ., concur.