John HAMILTON, Individually and as Administrator of the Estate of Lorene Hamilton, Deceased, Appellee,

v.

Dr. J. M. DUFFY, Appellant.

No. 47427.

Court of Appeals of Oklahoma, Division No. 1.

Feb. 18, 1975.

Rehearing Denied April 1, 1975.

Certiorari Denied Sept. 9, 1975.

Released for Publication by Order of Court of Appeals Sept. 11, 1975.

Charles v. Foor, McAlester, for appellee.

Alfred B. KNIGHT, Richard D. Wagner, Tulsa, for appellant.

ROMANG, Presiding Judge:

John Hamilton brought this action against Dr. R. L. Brown and the appellant, Dr. J. M. Duffy, both of whom were licensed and qualified Doctors of Osteopathy, for damages alleged to have been caused by medical malpractice. Hamilton sued as the surviving husband and as administrator of the estate of his deceased wife.

The evidence indicated that a sponge was left in the decedent's abdominal cavity during the performance of a complete hysterectomy necessitated by a condition which proved to be cancerous. The presence of this sponge was established by exploratory surgery performed about three weeks later by other doctors.

The case was tried to a jury in Latimer County in April, 1973. After the instructions were read to the jury, the trial court, with the agreement of counsel for all parties, permitted the court reporter, who lived in another county, to go home.

The jury came back into open court with a verdict of some kind. What that verdict contained is hotly disputed by the parties and cannot be established by the record because of the absence of the reporter. It is agreed that the court found the verdict faulty and sent the jury back for further deliberation, asking them to reread their instructions.

Sometime later the jury returned with a unanimous verdict in favor of Hamilton against Dr. Brown for $50,000.00, but in favor of Dr. Duffy. This verdict was accepted by the court and it appears in the record.

The defendant Brown then moved for a new trial, and Hamilton moved for a new trial as to Dr. Duffy only.

Hamilton's motion for new trial was made on the grounds that the verdict was not sustained by the evidence and was contrary to the law, improper argument by counsel for defendants, and error of the court in not accepting the first "verdict" brought in by the jury.

The motions were argued on March 19, 1974. A record was made at that time. After hearing the contentions of the parties, the trial judge made this observation,

"Then we agree that the court did not accept the verdict. We disagree as to whether or not objection was made at the Court's not accepting it at that time. * * * and the Court does agree that there was a verdict, signed by nine jurors, was returned to the jury room with the jury and the Court and no one else has seen it since."

Counsel expressed their agreement with this summary. All of the argument presented concerned this incident.

The court then said,

"* * * I regret that the record is not adequate. I've learned a lesson from it and I'll not let the Court Reporter go home, under circumstances such as this again. I'm going to grant all parties a new trial in this case."

No other reason for sustaining the motion for new trial was stated, either at that time or in the journal entry later signed by the court.

From this order, the defendant Duffy has appealed, asserting that it was error. We agree.

It will be seen that nearly a year had passed from the time of trial until the motion for new trial was heard. The trial court recalled that something was wrong with the first verdict, but quite understandably he could not recall exactly what it was. The plaintiff contends that the verdict must have been good because nine of the jurors had signed it. This does not necessarily follow, for it could have failed to dispose of all issues, it could have been incomplete, it could have contained sur-

plusage, or it could have been ambiguous in some way.

█ In the absence of any clear indication that the trial court erred in finding the verdict faulty, we will not presume that he was wrong.

█ It is the duty of the trial court to scrutinize both the form and the substance of any verdict which is returned to prevent insufficient or inconsistent findings from becoming a part of the record of the court. *Edwards v. Hood Motor Co.,* 235 N.C. 269, 69 S.E.2d 550. It is normal and proper to ask the jury to correct a verdict which is insufficiently formulated, usually by returning to the jury room to deliberate further. Keener et al. v. Tully, 263 P.2d 513 (1953 Okl.); *Brand v. Norris,* 121 Cal. App.2d 367, 263 P.2d 456; *Kansas City Southern Railway Co. v. Marrow,* 326 P.2d 817 (1958 Okl.). The court is not bound to accept a verdict which is not in accordance with its instructions. Where jurors return a verdict which is incomplete or ambiguous the court should direct them to retire for further deliberation. *Stephens v. Draper,* 350 P.2d 506 (1960 Okl.).

█ The plaintiff argues further that since the members of the jury had reached a verdict when they first came in, it was error for the court to permit them to deliberate further. The flaw in this reasoning is that the decision of the jury does not become a verdict until it has been accepted by the trial judge and recorded in the case. *Bishop v. Mugler,* 33 Kan. 145, 5 P. 756; *Frick v. Reynolds,* 6 Okl. 638, 52 P. 391; *West v. Abney,* 203 Okl. 227, 219 P.2d 624; *Wiggins v. Dahlgren,* 405 P.2d 1001 (1965 Okl.).

█ There are many cases holding that a trial court has a sound legal discretion to grant a new trial for any of the reasons set out in 12 O.S.1971, § 651. Beyond this the trial court has discretion to grant a new trial if the court believes a party has not had a reasonably fair trial nor received substantial justice. Further, greater latitude is given trial courts in sustaining motions for new trial than in overruling such motions. *Spruce v. Chicago R. I. & P. Railway Co.,* 139 Okl. 123, 281 P. 586; *Horn v. Sturm,* 408 P.2d 541 (1965 Okl.).

Nevertheless, the successful litigant has some rights as well, and his verdict should not be arbitrarily or capriciously put aside. Since no reason was given for granting a new trial, and since all the argument and discussion focused on the jury incident, we believe that was the real reason for the action of the trial court.

█ We do not believe the absence of the reporter, the disappearance of the verdict form, nor the action of the trial court in this instance furnish any sound legal basis for the grant of a new trial in this case.

The evidence established that plaintiff's decedent was a patient of the defendant Brown, but that hospital regulations required that at least two surgeons be present during an operation of this kind, and that the defendant Duffy assisted in the surgery for this reason. Dr. Duffy testified that he was paid nothing for his services.

The nurses who were charged with the duty of counting sponges were responsible to Dr. Brown.

The jury was furnished with four verdict forms covering all of the possible verdicts which could be rendered in this case. Using one of the other of these forms, the jury could have rendered a verdict

1. Against both defendants,
2. Against Brown only,
3. Against Duffy only,
4. In favor of both defendants.

These forms of verdict were appropriate, and no objection was made to them.

Under the rule announced in *Rhodes v. Lamar* et al., 145 Okl. 223, 292 P. 335, each surgeon involved was liable for his own conduct and the wrongful acts or omissions of the other observed without objection. Under this rule of law there was evidence

which, if believed, would clearly support a verdict in favor of the defendant Duffy.

We reverse the judgment of the trial court granting the plaintiff Hamilton a new trial as to the defendant Duffy. The order of the trial court granting defendant Brown a new trial must stand, since Hamilton did not appeal from that order.

Reversed.

REYNOLDS, J., and BOX, JJ., concur.