No. 24,685.

M. D. L. Bateman, *Appellant*, v. W. N. Franklin,. as Administrator, etc., *Appellee*.

SYLLABUS BY THE COURT.

Oral Contract—*Conveyance of Land or Its Proceeds for Personal Services—Contract Enforceable.* An oral promise of an uncle and aunt to their nephew, a minor, that if he would come and live with them and render them dutiful obedience and service as their own child until he attained his majority, at the death of the survivor of them they would leave him half their farm or half its proceeds, when accepted and fully performed by the nephew is an enforceable contract against the administrator of the estate of the last surviving obligor, and the statute of frauds is no bar to an action thereon, nor is the statute of limitations a bar thereto if the action is timely begun against the administrator.

Appeal from Pottawatomie district court; Robert C. Heizer, judge. Opinion filed July 7, 1923. Reversed.

*Maurice Murphy*, of St. Marys, and *W. F. Challis*, of Wamego, for the appellant.

*E. C. Brookens, E. S. Francis*, both of Westmoreland, *A. E. Crane*, and *B. F. Messick*, both of Topeka, for the appellee.

The opinion of the court was delivered by

Dawson, J.: Plaintiff brought this action against an administrator to enforce an oral contract with parties now deceased.

Plaintiff alleged that in the year 1894, when he was 16 years of age, his paternal uncle George W. Bateman and wife, Margaret J. Bateman, who then resided on a farm (160 acres) in Pottawatomie county, and who had no children of their own, made a verbal agreement with plaintiff that if he would come and live with them as a member of their family and aid and assist in the farm work they would treat him as a child of their own, and if he would stay with them until he was twenty-one years of age, at the death of George W. Bateman and his wife, Margaret, they would give him half of their farm, and if they should sell it during their lives they would pay him a sum of money equal to half its value, to be paid at the death of the survivor of them; and that on consultation with his parents and with their consent he accepted this offer of his uncle and aunt and accordingly he went and lived with them in dutiful obedience and service as their child until he attained his majority

and for many years thereafter; and that he had never received any money or property from them or either of them but wholly depended upon this oral promise and agreement of his uncle and aunt for his compensation. He further alleged that in 1906 the farm was sold for $8,000; in 1907 his uncle died intestate and without issue, leaving Margaret as his sole heir at law; that his uncle had no debts and there was no administrator of his estate; that Margaret came into possession, and during her life time she kept the proceeds of the farm intact, having only spent the interest thereon; that in 1920 Margaret died, intestate, without husband or issue; and that this defendant was appointed and qualified as her administrator and he is in possession of her funds which include the proceeds of the sale of the farm; "and plaintiff avers that the said fund was so kept by the said George W. and Margaret J. Bateman during the lifetime of each for the purpose of providing means with which to pay and satisfy plaintiff's said claim against them, and survivor of them."

Plaintiff's cause of action stated these facts in two counts, to which the defendant filed a general denial, and raised the one, two, three, and five-year provisions of the statute of limitations.

On this joinder of issues, the case was called for trial, a jury empaneled, and the defendant objected to the introduction of evidence on the ground that neither count stated a cause of action, which objection was sustained, and judgment was entered for defendant.

What may have been the basis of the trial court's-ruling is not clear. Certainly none of the invoked provisions of the statute of limitations had any bearing on the case. Nor can it be gainsaid that plaintiff's petition—liberally considered as it had to be against defendant's blanket objection—stated a cause of action, a sort of action not at all uncommon in this jurisdiction. The contract, though oral, had been fully performed on plaintiff's side, so the statute of frauds, which was not pleaded, would not bar the action. (*Meador v. Manlove,* 97 Kan. 706, 711, 712, 156 Pac. 731.) Though the time of performance on the part of the uncle and aunt could not be definitely fixed, the time might have matured within a year by their death. (*Dubbs v. Haworth,* 102 Kan. 603, 171 Pac. 624.) There was no breach, and there could not well have been a breach (except perhaps by dissipation of all the money received from the sale of the farm) until the death of the surviving promisor. Nor was there anything inequitable about the contract to deny its enforcement. Rather the contrary. This plaintiff in his callow years was in-

duced to leave his father's rooftree and the society of his own family, and take up his abode and adjust his habits and inclinations to conform to the rules and customs of his uncle's household, and to render the service and obedience of a dutiful child to them during his minority. Why is he not entitled to receive his due? Courts are instituted for the administration of justice, not to withhold it. Of course this is the sort of case where the triers of the facts, and especially the trial judge, must be alert to see that estates are not plundered through false and fraudulent claims, and where there must be careful and conscientious sifting of the evidence. But such claims may be *bona fide,* and when they are such and are established by clear and convincing evidence, they are perfectly legitimate and must be respected and enforced. (*Baldwin v. Baldwin,* 73 Kan. 39, 46, 84 Pac. 568; *Meador v. Manlove,* supra, 713; *Nash v. Harrington,* 110 Kan. 636, 205 Pac. 354.)

Turning to appellee's brief we find nothing which detracts from these views, except an argument based on the general rule of law (*Englebrecht v. Herrington,* 103 Kan. 21, 172 Pac. 715) that where breach of an oral contract for the purchase of land or to demise or convey land can be compensated in money, such contract is not excepted from the governance of the statute of frauds. Applied to this case, that would be to say: Because the plaintiff can be compensated in money, his contract was within the statute and therefore he shall not be compensated in money or anything else. The study and practice of the law call for clear thinking and logical reasoning; but it is possible to reason and refine with such subtlety and acuteness that the arrow of justice overshoots the mark altogether.

The oral promise to plaintiff was not an unqualified one that he should receive half the farm, although such promise when fully performed on his part would have been valid and enforceable. It was to be half the land or half its value in money at the death of both promisors. Such contract, if fully performed by plaintiff, is likewise enforceable. There are no new questions of law in this case. So far as now appears, it is merely a question whether plaintiff can clearly and convincingly establish the material facts alleged in his petition.

Reversed and remanded for further proceedings.