No. 24,557.

S. A. Hoppas, *Appellee,* v. Fred Bremer et al., *Appellants.*

SYLLABUS BY THE COURT.

1. Contract—*Parol Agreement for Sale of Land—Purchase Price Paid—Possession Taken—Agreement Not Within Statute of Frauds.* Under the circumstances of the case the parol agreement for the sale of land whereunder the purchaser paid the purchase price and took and held for four years the open, exclusive and continuous possession of the same, is not within the statute of frauds.

2. Same—*Same Rules Apply to Parol Contracts for Exchange of Land.* The same rule as to the effect of possession obtains where there is a parol exchange of lands as in case of an individual sale of a single tract.

3. Same—*When Specific Performance of Contract Should Be Granted—Award of Damages Exceptional Relief.* In an action for specific performance of an agreement, for an exchange of lands the principal relief sought should be granted if the right to the relief is established by evidence and the court is able to grant it. An award of damages in such an action is exceptional and should not be made where the principal equitable relief asked can be given.

Appeal from Decatur district court; Willard Simmons, judge. Opinion filed November 10, 1923. Modified and affirmed.

*A. E. Crane, B. F. Messick,* both of Topeka, and *J. F. Peters* of Oberlin, for the appellants.

*W. S. Langmade,* and *V. D. Woodward,* both of Oberlin, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: The defendants appeal from a judgment in favor of plaintiff for $7,000, as damages for failure to specifically perform a contract for the exchange of tracts of land.

It was alleged and sufficiently established by evidence that S. A. Hoppas, who owned 160 acres of land in section 33, township 4, range 28, orally agreed with Fred Bremer to exchange it for 160 acres owned by Bremer three or four miles away in section 29, of the same township and range. To equalize the values of the tracts Bremer agreed to allow Hoppas $500 as boot money which was to be applied as a credit upon an indebtedness of long standing owed by Hoppas to Bremer. Shortly after the agreement and in May, 1917, Hoppas in compliance with his part of the agreement executed and delivered a deed of the land in section 33, to Bremer, which he

placed on record and has since treated the property as his own. When plaintiff asked Bremer for a conveyance of his tract in section 29, in accordance with the agreement they had made, Bremer declined to make the deed and declared that he would hold the Hoppas deed as additional security for $3,500 of the indebtedness which Hoppas owed him and which at that time amounted to $7,250. The agreement was then modified to the extent that Bremer might hold the legal title to the tract as security for the $3,500 of the indebtedness and that Bremer would make a deed of the land in section 29, when $3,500 of the indebtedness was paid. Hoppas immediately went into the possession of the land, has since tilled it, and the evidence tends to show that Bremer recognized that the tract was owned by Hoppas but he has never conveyed it to him. Shortly before this action was brought Bremer asserted ownership of the land and Hoppas then tendered to Bremer payment of the $3,500 of indebtedness secured by the deed executed by Hoppas but Bremer refused the tender claiming full title to the land. After the trial was begun and before the decree was entered Bremer offered to accept the payment tendered by Hoppas and tendered a conveyance of the land in controversy to him. Not long before the commencement of the action Bremer had executed a conveyance to his son-in-law, M. J. Chapman, for which it is claimed no consideration was paid, but Chapman had notice of the rights and interest of Hoppas in the land. Afterwards and on February 10, Chapman and wife reconveyed the land to Mrs. Bremer and on February 11, 1921, she and her husband executed a deed of the land to Hoppas. These deeds with an abstract of title were placed on file with the clerk of the district court and when the case came on for judgment in May 1921, counsel for Bremer called special attention of the court to the deeds on file with the clerk and asked the court to direct an acceptance of the same and thus end the litigation. The court found that the oral contract of exchange had been made substantially as pleaded, that ownership of the land by Hoppas had been fully recognized by Bremer, that Hoppas took possession thereof and has tilled and used the land in pursuance of the agreement and had performed his part of it by the execution of a deed to Bremer, by tendering payment of the $3,500 in accordance with the modified agreement and by complying with all of its terms. It was also found that Hoppas' tender had been kept good, but that before the action was

brought Bremer had refused to accept the tender and also to execute the deed. There was a finding that Bremer had conveyed the land to his son-in-law, complicating the title thereto so that specific performance was impossible. The court refused to direct the acceptance of the tender by Bremer to Hoppas of the land in controversy and instead awarded a judgment against defendants for $7,000 as damages for their failure to perform the agreement. In the award of damages no deduction or mention was made of the $3,500 of indebtedness, which plaintiff had agreed to pay and had tendered in order to entitle him to specific performance.

The first contention made by defendants is that the plaintiff failed to state a cause of action in that it was based upon an oral agreement for the conveyance of real estate and that no such part performance had been pleaded as would take it out of the statute of frauds. In his petition plaintiff alleged payment of the purchase price, the taking of possession of the land under the agreement and the holding of such possession for about four years under the specific agreement that plaintiff should occupy and use the land as his own. It was alleged by plaintiff that in addition to the payment of the purchase price and the taking possession and using the land under and upon the faith of the oral agreement, he had paid the taxes levied thereon and had complied with every condition of the agreement. Under the facts pleaded there was not only full payment of the purchase price of the land, but in addition there was possession and use of it given to plaintiff. That possession it was alleged was taken on the faith of the oral agreement and the ownership and right of plaintiff to occupy and use the land as his own was recognized and agreed to by the defendant for about four years. The possession held was notorious, continuous and exclusive. In view of the long period of such possession, the acknowledgment by defendant of plaintiff's ownership and other circumstances that have been related, it would be inequitable to allow the defendant to escape the fulfillment of his oral agreement under cover of the statute of frauds. The circumstances of the case are such as to constitute part performance sufficient to avoid the statute. (*Edwards v. Fry,* 9 Kan. 417; *Baldridge v. Centgraf,* 82 Kan. 240, 108 Pac. 83; *Smethers v. Lindsay,* 89 Kan. 338, 131 Pac. 563; *Witt v. Boothe,* 98 Kan. 554, 158 Pac. 851.) It has been determined as defendants contend that payment of the purchase price alone is not sufficient and also that

an oral agreement is within the statute of frauds unless the possession which accompanies the payment is taken under the agreement and is open, notorious, exclusive and continuous. *Baldwin v. Baldwin,* 73 Kan. 39, 84 Pac. 568.) Here the possession of plaintiff met all of these requirements. The fact that the agreement was for an exchange of lands and that the consideration paid was in land instead of money, did not change the rule as to the effect of possession taken under the agreement. (*Moss v. Culver,* 64 Pa. St. 414, *Baldwin v. Thompson,* 15 Iowa, 504; *Kimbrough et al. v. Nelms et al.,* 104 Ala. 554, 3 L. R. A., n. s., 793.) The modification of the agreement about which there is much discussion, only postponed the time for the delivery of the deed and when payment of the $3,500 of indebtedness was made or tendered, plaintiff became entitled to full performance by defendant, including the execution of the deed to the land in controversy.

Other objections are raised to the judgment, but in view of the action of defendants in offering to convey the land to plaintiff and the effect of the offer, the objections are not deemed to be material to the disposition of the case. Plaintiff asked for specific performance of the agreement, and the court found that he was entitled to performance and that defendant should be ordered to execute and deliver to plaintiff a warranty deed with an abstract showing merchantable title, upon the payment by plaintiff of $3,500. Because the defendant had previously conveyed the land to another, the court held that it could not decree specific performance, and therefore it awarded damages in place of performance. But can it be said that performance was impossible? The defendant had filed in the court deeds which if accepted would have transferred title to the land in him and have given plaintiff the equitable relief for which he asked. According to the indorsements made by the clerk of the district court on the original papers, it is made to appear that the deeds were filed in the district court on February 13, 1923, and that they were accompanied by an abstract showing good title to the land. These were not filed until after the court had announced his findings on the principal questions in the case, but they were in the custody of the court three months before the judgment of the court was rendered. It is said in argument that the tender of the conveyance by the defendants was not brought to the special attention of the court when they were filed but the record does show that

Hoppas v. Bremer.

before the judgment was rendered the tender was specifically brought to the notice of the court with a request that it direct the acceptance of the deeds and the completion of the transfer. Consideration was then given to the matter but the court stated that without evidence that an abstract had been furnished and that as the findings of the court had already been made, the order asked would not be granted. The abstract as well as the deeds was then in the custody of the court. The offer if accepted and carried out would have vested the title of the land in the plaintiff. He had asked for specific performance and the court was then in a position to give the equitable relief sought. It cannot be regarded as inequitable to grant plaintiff the specific relief for which he had asked. True there had been a contention by the defendants as to the existence of the agreement and much delay in making the tender of performance. There was little delay however, between the time the plaintiff was entitled to a deed and the commencement of the action. Under the modified agreement, plaintiff was not entitled to performance until he had paid or tendered payment of $3,500 to the defendant. Payment by plaintiff was not tendered until February 26, 1921, and the action was commenced on May 1, 1921. In his prayer for relief plaintiff asked that in case specific performance could not be had that he be granted substituted relief by an award of damages. In an action for specific performance an award of damages is exceptional and depends upon a showing that a party is entitled to the equitable relief which the court is unable to give, a relief which is founded on the theory that an action for damages would not be an adequate remedy. Plaintiff had a right of course to ask for damages if the principal relief could not be granted but since it appears that it can be completely granted there is no good reason why specific performance should not be decreed.

The judgment should therefore be modified to the extent of vacating the award of damages and directing specific performance of the agreement by the defendants upon the payment to them by plaintiff of $3,500, the sum tendered before the action was brought. Since the defendants resisted performance, it is equitable that all costs incurred in both cases should be adjudged against them. So modified the judgment will stand affirmed.