## LOWE v. FIRST NAT. BANK OF TYRONE.

No. 19481. Opinion Filed May 13, 1930.

C. W. Ferguson, for plaintiff in error.

Ross Rizley, R. B. Loofbourrow, and Orlando F. Sweet, for defendant in error.

HERR, C. This is an action by the First National Bank of Tyrone, Okla., against Cecil Lowe, to recover on three promissory notes, aggregating $1,160.97, and to foreclose a chattel mortgage given to secure the same.

Defendant answered admitting the execution and delivery of the notes and mortgage, but pleaded an offset thereto in the sum of $190; and further pleaded a tender. It is alleged by him that, for sometime prior to the institution of this suit, he carried an account with plaintiff bank, and that said bank cashed two forged checks, one for $70 and one for $120, and charged the same to his account. The jury found for defendant on the $70 check, together with interest thereon in the sum of $8.70, but denied his claim on the $120 check and returned a verdict in favor of plaintiff for $1,082.27. Judgment was entered on the verdict for said sum, together with an attorneys' fee in the sum of $108.22, and costs of suit. To reverse this judgment, defendant brings the case here for review.

After the jury had retired to deliberate on its verdict, and after having twice reported that no agreement had been reached and that the jury stood six and six, the court, on its own motion, gave the following additional instruction:

"You are further instructed that in case

you find and believe from all the facts and circumstances in this case and by a preponderance of the evidence that the defendant signed one of the checks which defendant alleges was forged, but did not sign the other, then and in that event, you will find for plaintiff less the amount of the check which was not signed by the defendant as heretofore defined in these instructions."

The giving of this instruction is assigned as error. It was given in writing in open court and in the presence of counsel for both parties. It is first contended that the court has no authority, on its own motion, to give additional instructions after the retiring of the jury, but that the court can only do so at the request of the jury. We do not so understand the law. 38 Cyc. 864, announces the rule contrary to the contention of defendant.

In the case of Carter v. Becker (Kan.) 77 Pac. 264, it is said:

"The court has a large discretion in the matter of giving additional instructions after the jury has retired for deliberation, and may supplement the original charge whenever confident that the ends of justice will be best subserved by doing so. A judicious exercise of the right tends to the sure and efficacious administration of the law. Even in a criminal case, the court may, of its own motion, give the jury additional instructions to meet any difficulty which may present itself to their minds (State v. Chandler, 31 Kan. 201, 1 Pac. 787), and only in case of abuse resulting in injury to some substantial right will an exercise of such discretion be reviewed."

It is further urged that the instruction is erroneous in that it suggested to the jury a means of compromise. We fail to see the force of this contention. There is nothing in the record tending to show that the trial court, in any manner, suggested a compromise, or that it, in any manner, sought to coerce a verdict. This instruction might properly have been given in the first instance, but the court failed so to do. The instruction is correct in principle, and we fail to see in what manner defendant could have been prejudiced thereby. The court did not err in this regard.

The next assignment is that the court erred in overruling his motion for a new trial. In this connection, it is urged that the verdict returned was not, in fact, the verdict arrived at by the jury; that it did not include the entire agreement reached by them. The affidavits of five of the jurors were introduced upon the hearing of the

motion. These affidavits were to the effect that the conclusion reached was that no attorneys' fee was to be allowed, and that the costs should be taxed to plaintiff; that this agreement was omitted from the verdict; that, except for this agreement, no verdict could have been reached. In answer to this contention, it is sufficient to say that it was not within the province of the jury to pass upon these matters—costs and attorneys' fees follow the verdict, as a matter of course. A verdict of the jury cannot be impeached by the affidavit of jurors that improper methods were used by them in arriving at their verdict. The law on this proposition is definitely settled in this state. In the case of O., K. & M. R. Co. v. McGhee, 84 Okla. 116, 202 Pac. 277, this court holds:

"Upon grounds of public policy, jurors will not be heard by affidavit, deposition, or other sworn statements to impeach or explain their verdict, or show on what ground it was rendered, or that they made a mistake, or misunderstood the law or the result of their finding, or to show what items entered into the verdict, or how they arrived at the amount. Jurors will only be heard in support of their verdict or conduct when same is attempted to be impeached."

Numerous prior decisions of this court to the same effect are cited in the opinion.

There was no error in the ruling on this proposition.

It is finally urged that the verdict of the jury is contrary to the evidence. In this connection, it is argued that the evidence is undisputed that both checks were forged; that plaintiff's cashier so admitted and agreed to credit defendant's note for the amount thereof. Defendant testified that both checks were forged; that he signed neither of them; that the bank's officers so admitted and agreed to give him credit on the note therefor. The cashier denied this admission. The evidence is conflicting as to the forgery. This conflict presented a question for decision by the jury. In these circumstances, under repeated holdings of this court, the verdict is binding upon us.

Judgment should be affirmed.

BENNETT, EAGLETON, HALL, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Appeal and Error," 4 C. J. § 2806, p. 827, n. 10; § 2834, p. 853, n. 61. "New Trial," 46 C. J. § 371, p. 350, n. 37; § 383, p. 362, n. 61. "Trial," 38 Cyc. p. 1849, n. 89.