No. 38,147

In the Matter of the Estate of Arthur Paul Hilliard, Deceased, Evelyn Nielsen, *Appellant*, v. Jennie M. Hilliard, *Appellee*.

(228 P. 2d 536)

Opinion filed March 10, 1951.

*Justus N. Baird*, of Kansas City, argued the cause, and *Paul H. Ditzen*, of Kansas City, was with him on the briefs for the appellant.

*Chas. S. Schnider*, of Kansas City, argued the cause, and *Joseph Cohen* and *Sol Weinstein*, both of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This appeal arises out of a proceeding to establish a claim against the estate of a decedent.

Although we are furnished with an abstract showing all that has transpired in the probate court in the administration of the estate of Arthur Paul Hilliard, deceased, disposition of the present appeal does not require any recital thereof further than that the widow, Jennie M. Hilliard, filed her petition in the probate court for specific performance of a contract allegedly made for her benefit by her son Roy Schultheiss and her husband Arthur Paul Hilliard, under the terms of which Hilliard agreed that if Schultheiss would remain on the farm, perform work and labor thereon, add to and improve the then three room house, Hilliard would make a will leaving certain property to Jennie M. Hilliard. Performance by Schultheiss is pleaded at length, as well as the failure of Hilliard to perform. To this petition Evelyn Nielsen, a daughter of Hilliard by a previous marriage, filed objections and also a motion that the

petition be dismissed. As the result of a hearing in the probate court judgment was rendered in favor of Jennie M. Hilliard and Evelyn Nielsen appealed to the district court.

In the district court Evelyn Nielsen filed a motion for an order dismissing the petition of Jennie M. Hilliard for nine asserted reasons which we summarize: 1. That Roy Schultheiss, a stepson of Arthur Paul Hilliard, and whose services constituted the consideration of the contract, was a member of the family and not entitled to compensation. 2. That petitioner is not the real party in interest. 3. That petitioner is not a proper party plaintiff. 4. That there is a petition filed by Roy Schultheiss setting out the same state of facts. 5. That the action is barred by the statute of limitations. 6. That the alleged action is in violation of the statute of frauds. 7. That the value of the services could have been ascertained and Roy Schultheiss could have filed a claim in the probate court. 8. That the petition does not state facts sufficient to constitute a cause of action. 9. That, by reason of certain facts stated at length but none of which appear in the petition, petitioner is estopped.

The district court heard the foregoing motion and denied it and Evelyn Hilliard perfected an appeal to this court.

Although the question of our jurisdiction is not raised by the appellee, it is our duty to determine whether the attempted appeal properly invokes the jurisdiction of this court. ( *Kowing v. Douglas County Kaw Drainage Dist.,* 167 Kan. 387, 207 P. 2d 457, and *Pulliam v. Pulliam,* 163 Kan. 497, 183 P. 2d 220, and cases cited.)

Under G. S. 1949, 60-3302, provision is made for appeal to this court under four classifications, only two of which are pertinent here from a final order or on a ruling on a demurrer. Under 60-3303 a final order is defined as one which affects a substantial right in an action and in effect determines the action and prevents a judgment. We shall not attempt any full review of our many authorities but in *Pulliam v. Pulliam,* supra, it was held that the overruling of a motion to dismiss a petition in a divorce action on the ground it was not properly verified is not an appealable order, although as is there pointed out an order striking such a petition would have been a final order and appealable. In *Kansas State Highway Comm. v. Moore,* 166 Kan. 408, 201 P. 2d 652, it was held that an order of the district court denying defendant's motion to

dismiss a petition was not a final order and was not appealable. See also cases cited in the cases previously referred to, as well as *Singleton v. State Highway Comm.*, 166 Kan. 406, 201 P. 2d 650; *Maichel v. Coleman*, 167 Kan. 93, 204 P. 2d 731; and *In re Estate of West*, 167 Kan. 94, 204 P. 2d 729, where analogous situations were considered and where it was held an appeal did not lie.

In her brief appellant states that her motion to dismiss is in the nature of a demurrer to the petition and is an appealable order (see G. S. 1949, 60-3302, *Second*). It is to be observed however that if the pleading is what it states it is, it is a motion to dismiss and not a demurrer. With the exception of the eighth ground stated, none of the grounds urged may be determined from the face of the petition, and in fact the argument as to all grounds is based on pleadings filed in the probate court, but as to which the petition under attack is silent. If the eighth ground asserted may be isolated from the other grounds and independently considered, that has not been done by the appellant, whose argument is, in substance, that considering all that has transpired in the probate court, shown by the abstract of proceedings in the probate court, but no part of the record in the district court, and not appearing on the face of the petition, it appears that petitioner is not equitably entitled to any relief; that she is estopped; and that she is guilty of laches. These matters may very properly be pleaded in defense, but they are not raised by any demurrer where the facts relied on are not disclosed in the petition attacked. There is no complaint that the petition in and of itself does not state a cause of action.

The appeal is dismissed.