No. 38,558

In re Estate of Arthur Paul Hilliard, Deceased. (EVELYN NIELSEN, *Appellant,* v. JENNIE M. HILLIARD, *Appellee,* JOHN J. BUKATY, Administrator.)

(241 P. 2d 729)

Opinion filed March 8, 1952.

*Paul H. Ditzen* and *Justus N. Baird,* both of Kansas City, argued the cause for the appellant.

*Charles S. Schnider,* of Kansas City, argued the cause, and *Joseph Cohen,* of Kansas City, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This appeal grows out of a claim against the estate of Arthur Paul Hilliard, deceased. The appeal is from a judgment for the claimant. A former appeal by the same party was dismissed for want of an appealable order. (*In re Estate of Hilliard,* 170 Kan. 617, 228 P. 2d 536.)

Appellee, Jennie M. Hilliard, is the widow of the decedent. Appellant, Evelyn Nielson, is the daughter of decedent by a previous marriage. Appellee sought the specific performance of an oral contract alleged to have been made and entered into by and between her son by a previous marriage, Roy Schultheiss, and the decedent for appellee's benefit.

The substance of appellee's claim was that shortly after her marriage to the decedent in July, 1931, her son entered into an oral contract with the decedent whereby decedent agreed to execute a will leaving his farm and other property to appellee if the son would remain on the farm, help to operate it and improve the dwelling house thereon. Although decedent frequently stated he would execute such a will he died without having done so.

Appellant's first contention is the petition of appellee should have been dismissed. The argument appears to be based on a number of theories the principal one being that since it was held Roy Schultheiss, one of the contracting parties, was not the real party in interest and could not recover on the contract, appellee likewise could not recover thereon.

The district court, as the probate court, had before it two claims. One was the claim of appellee's son, which had been filed in the probate court and was disallowed. The son appealed to the district court with the same result. It also had the claim of the widow

on the contract. That claim was allowed in the probate court and in the district court. The district court disallowed the son's claim on the theory he was not the real party in interest and held the widow was the real party in interest. We think the judgment of the district court was right as to both claims. The widow was the third party for whose benefit the contracting parties expressly entered into the agreement. Although the contract may have been intended indirectly to aid appellee's son its primary purpose was to benefit appellee. A contract fairly and equitably entered into by parties for the benefit of a third party is ordinarily enforceable by such third party. (*Haynes Hardware Co. v. Western Casualty & Surety Co.*, 156 Kan. 356, 362, 133 P. 2d 574; *French v. French*, 161 Kan. 327, 330, 167 P. 2d 305.) Nothing is called to our attention in the instant case which prevents the application of this well-established doctrine.

Appellant next argues the judgment of the probate and district courts denying the claim of appellee's son renders the claim by appellee *res judicata*. The contention lacks merit.

Appellant contends the evidence of appellee was insufficient to establish the alleged agreement. It would serve no useful purpose to narrate the testimony. A careful examination thereof convinces us the evidence was sufficiently clear, satisfactory and convincing to establish the contract.

Appellant says the judgment is inequitable in that appellee as decedent's widow was entitled to her homestead rights and her statutory allowances without a decree of specific performance of the entire contract. That is no answer. Appellee was entitled to one half of decedent's property as a matter of law. The decedent was not legally obliged to leave his daughter anything. In passing it also may be said there was positive evidence he did not intend to leave his daughter anything and that he entertained definite reasons therefor. That was his prerogative.

Appellant also argues the claim is barred by the statute of limitation and laches. We cannot agree. Appellee's cause of action did not accrue at the time the contract was negotiated. It accrued when it was discovered, after decedent's death, that the will decedent had agreed to make in appellee's favor had not been executed. The claim was not affected by statutes of limitation pertaining to an assertion of rights under a contract relative to land, as contended by appellant, but was governed by the nonclaim statute which prescribes the time within which a claim may be asserted against

a decedent's estate. (G. S. 1949, 59-2239.) It is not contended the claim was not filed within the time therein stated.

Appellant asserts the alleged contract was not in writing and violates the statute of frauds. (G. S. 1949, 33-106.) This contract had been fully performed by the son for a period of approximately eighteen years. Full performance of a contract takes it out of the inhibitions of the statute. (*Meador v. Manlove*, 97 Kan. 706, 712, 156 Pac. 731; *Bateman v. Franklin*, 114 Kan. 183, 217 Pac. 318; *Smith v. Nyburg*, 136 Kan. 572, 576, 16 P. 2d 493; *Eastwood v. Eastwood*, 167 Kan. 471, 476, 207 P. 2d 393.)

Appellant insists appellee had an adequate remedy at law and that specific performance should have been denied. She asserts appellee's son could have filed a claim to compensate him in money. We previously indicated he was not the real party in interest and had no personal remedy whatever thereunder. The contract was not made for his benefit but for the benefit of his mother. It is she who seeks to have the agreement enforced. Furthermore it rather clearly appears compensation in money for the eighteen years of service probably would exceed the value of the estate by a considerable amount. There was no inequity in the enforcement of the contract as made. Under these circumstances the ordinary reason for refusing a decree of specific performance failed and the contract properly was ordered performed. (*Hoppas v. Bremer*, 114 Kan. 609, 220 Pac. 251; *Schuler v. Rehberg*, 145 Kan. 176, 64 P. 2d 571; *In re Estate of Henry*, 156 Kan. 788, 137 P. 2d 222.)

Appellant contends appellee made her election to take under the law instead of under the contract when she filed a petition to have the homestead and a widow's allowance set aside to her and that such action bars her present claim. The contention is not good. G. S. 1949, 59-2235 expressly provides the surviving spouse, after the inventory and appraisement have been filed, may petition the court to set apart the homestead and personal property allowed in G. S. 1949, 59-403 and that such property shall be delivered to the persons entitled thereto and shall not be treated as assets in the custody of the executor or administrator but that title to the homestead shall be included in the final decree of distribution. Appellee was entitled to the homestead and the widow's allowance as a matter of law. (G. S. 1949, 59-401; 59-403.) Our legislature has clearly indicated its intention to preserve the homestead and a widow's allowance to her. In this state a widow is not even held to have

waived her right to the homestead and a widow's allowance although she elects to take under a will unless it clearly appears from the will that the provisions therein made for such spouse were intended to be in lieu of such rights. (G. S. 1949, 59-404.) Appellee's claim to the homestead and a widow's allowance was not contrary to her rights under the contract. Proof of the contract did not defeat her rights to the homestead and a widow's allowance. It merely gave her rights in addition to those expressly granted her by law. It is the inconsistency of demands which makes the election of one remedial right an estoppel against the assertion of the other and not the fact the forms of action are different. In order to make actions inconsistent one must allege what the other denies, or the allegations in one must necessarily repudiate or be repugnant to the other. (*Taylor v. Robertson Petroleum Co.*, 156 Kan 822, 137 P. 2d 150; *Federal Savings & Loan Ins. Corp. v. Urschel*, 159 Kan. 674, 678, 157 P. 2d 805; *Jerecki Manufacturing Co. v. Shields*, 169 Kan. 640, 642, 220 P. 2d 144.)

Appellant argues the district court erred in changing that part of the *journal entry* which pertained to the claim of the son after the term in which that claim was dismissed. The court in nowise altered the *judgment*. It merely inserted in the journal entry its reasons for dismissing the son's claim which, in substance, was that appellant was not the real party in interest and had no right to maintain the action. This insertion in the journal entry in nowise altered or modified the judgment and it did not constitute error. (*Perkins v. Ashmore*, 144 Kan. 540, 61 P. 2d 888.) Moreover the claim of the son is not here for review.

In view of the subjects previously treated it is unnecessary to comment further on the overruling of the motion for a new trial. The district court committed no trial errors and its judgment is affirmed.