Hansel J. NOBLES, Plaintiff in Error,

v.

Nadine CROCKETT and David Crockett, Defendants in Error.

No. 37701.

Supreme Court of Oklahoma.

Dec. 24, 1957.

T. Austin Gavin, Tulsa, for plaintiff in error.

Vernon A. Brown, Tulsa, for defendants in error.

CORN, Vice Chief Justice.

This is an appeal by Hansel J. Nobles, defendant in the lower court from an order of the trial court sustaining a motion for a new trial.

The facts are Nadine Crockett and David Crockett purchased an automobile from Hansel J. Nobles and made a down payment of $200 and later returned the car to Nobles and brought this action in the Justice of the Peace Court for the return of the $200 down payment. An appeal was taken to the Court of Common Pleas, and there tried de novo to a jury.

This appeal is by petition in error, therefore we do not know what the evidence was, but assume from the instructions of the court to the jury, which was not excepted to by either party, that there was a sharp conflict in the evidence as to whether the defendant agreed to return the $200 down payment on the automobile to the plaintiffs when they returned it to him or that it was agreed only to cancel the unpaid purchase price. The court's instruction No. 3 is as follows:

"You are instructed that if you find the plaintiffs have proved by a preponderance of the evidence that plaintiff and defendant agreed to rescind or cancel the sale and restore to the other what had been received by the sale, and that plaintiff restored to the defendant the automobile, and that the defendant failed and refused to restore the proceeds received by him for the sale then your verdict must be for the plaintiff for the sum of $200.00. However, if you fail to find that plaintiff had so proved by preponderance of the evidence, or if you find that the plaintiff returned the automobile to the defendant upon his agreement to cancel the unpaid purchase price, and that there was no agreement between the parties to rescind the sale from its inception and for the defendant to restore what had been received by him thereunder, then your verdict must be for the defendant."

The jury returned a verdict in favor of the plaintiffs for $100. The court then told the jury that such verdict was not permissible, and returned it for further deliberation, and later it returned a verdict for the defendant. A motion for new trial was filed by plaintiffs and upon consideration by the court was sustained.

The defendant contends that the action of the trial court in sustaining said motion was arbitrary, capricious and constituted an abuse of discretion in that the court erred in an unmixed question of law.

This action was for the return of $200, an exact amount, no dispute as to the amount which plaintiffs had paid to defendant.

The instructions of the court was for a judgment for the plaintiffs for $200 or a verdict for the defendant. The court at the conclusion of the evidence thought there was a question of fact to go to the jury under proper instruction which was given, and no objections or exceptions were taken by either party, and after an examination of all the instructions we hold were correct if there was a conflict in the evidence. If there was no conflict in the evidence, the trial court should have instructed a verdict at the close of the evidence instead of submitting the case to the jury.

The action of the trial court in sustaining the motion for a new trial has held in effect that under the instructions given you in this case you cannot return a verdict for the defendant.

Under the instructions we think the trial court did not err in returning the jury for further consideration when it came in with a verdict for only $100. By the jury bringing in a verdict for the defendant it appears that the first verdict for $100 was a compromise verdict, not supported by law or evidence, if so the court could not set aside the jury's second verdict on the theory that the jury had already arrived at a proper verdict for the plaintiffs, and it was a question of putting into the verdict the proper amount of $200.

When the trial court returned the jury for further consideration it put them in the same situation they were in before they came in with a verdict that could not, as a matter of law, be accepted by the trial court for the reason it was contrary to the court's instructions. So they were returned by the court for further deliberation, and were placed in the same status they were in when the case was first submitted to them, free from any influence or effect of their attempted return of a verdict which was not permissible under the instructions.

In Dowell, Inc., v. Layton, Okl., 261 P.2d 885, 887, we held:

"Where the record discloses that the issues supported by competent evidence were submitted to the jury upon instructions applicable to theories advanced by the litigants, and which adequately submitted the law of the case, the verdict of the jury should not be vacated upon a motion for a new trial, unless from an examination of the entire record it reasonably appears that the complaining party was not afforded a fair or impartial trial, or that it affirmatively appears that the trial court committed errors of law during the conduct of the proceedings."

The judgment of the trial court is reversed with direction that the order sustaining the motion for a new trial be set aside and to overrule the motion for a new trial and enter judgment on the verdict of the jury.

DAVISON, and BLACKBIRD, JJ., concur in result.

HALLEY, JOHNSON, WILLIAMS, JACKSON and CARLILE, JJ., concur.