**Bonnie B. STEPHENS, Plaintiff in Error,**

v.

**John Milton DRAPER, Defendant in Error.**

No. 38607.

Supreme Court of Oklahoma.

March 15, 1960.

Wilbur R. Dean, Oklahoma City, for plaintiff in error.

Howell & Smith, Oklahoma City, for defendant in error.

JACKSON, Justice.

This is an appeal by plaintiff, Bonnie B. Stephens, from judgment on verdict for defendant, John Milton Draper, in an action for damages for bodily injuries and property damage arising out of a motor vehicle collision.

Inasmuch as the only assignments of error urged in plaintiff's brief relate to the proceedings in connection with the verdict, it is unnecessary to detail the facts and circumstances of the collision. The remaining assignments of error are deemed waived. Chancellor v. Chancellor, 202 Okl. 389, 214 P.2d 261.

The jury, following argument of counsel, retired to the jury room to deliberate at 2:35 p. m. The court furnished the jury with four forms of verdict. When the jury returned to the court room at 3:30 p. m., the following proceedings were had:

"The Court: Ladies and gentlemen of the jury, have you arrived at a verdict?

"The Foreman: We have."

The verdict which the jury brought in, omitting the caption, was, as follows:

"We, the jury, empaneled and sworn in the above entitled cause do, upon

our oaths, find for the plaintiff upon her petition against the defendant and fix the amount of her recovery on her first cause of action in the sum of $———; and we further find for plaintiff on her second cause of action for property damage and fix the amount of her recovery at $———.

(Verdict signed by nine jurors).

"The Court: Now, ladies and gentlemen of the jury, I cannot receive this verdict. It is not a proper form. You will have to retire to the jury room. We will furnish you a new set of verdicts. Go back to the jury room."

Thereupon, the following proceedings were had out of the presence and hearing of the jury:

"The Court: Let the record show that the verdict that was handed to the Court is filed in the case and is the verdict reading: (The Court then dictated the above verdict into the record, and stated that the verdict was signed by nine members of the jury).

"There being no sums filled in the blank spaces referred to above, the Court, as the record shows, told the jury that it could not receive the verdict, after conferring with the attorneys. In any event, it appeared to the Court that from the set of verdicts given to the jury, one of which was a verdict for the defendant, that this was an incomplete verdict and was not a proper verdict and there has been prepared an exact copy of the verdict so signed by the nine members of the jury, and this verdict, together with the other three originally submitted, are now in the hands of the jury in their deliberations."

The jury returned to the court room at 4:03 p. m. for the second time with the following verdict, omitting the caption:

"We, the jury empaneled and sworn in the above entitled cause, do, upon our oaths, find for the Defendant."

(Signed by the same nine jurors who signed the first verdict.)

■ The first proposition of plaintiff which we will consider is that the court erred in furnishing the jury with four forms of verdict.

Although the only forms included in the transcript were the two forms returned by the jury, the others are described in plaintiff's brief as follows:

"One was for plaintiff on both causes of action, one was for plaintiff on first cause of action and for defendant on second cause of action, one was for defendant on first cause of action and for plaintiff on second cause of action, and one was for defendant."

We have heretofore decided the question. In the cases of Davon Oil Co. v. Steele, 186 Okl. 380, 98 P.2d 618; Magnolia Petroleum Co. v. Norvell, 205 Okl. 645, 240 P.2d 80, and Bunch v. Perkins, 198 Okl. 517, 180 P.2d 664, we held that where a cause consisting of two or more separate causes of action is tried to a jury, separate forms of a verdict for the separate causes of action should be submitted to the jury.

■ The two remaining propositions of plaintiffs will be considered together. In summary, plaintiff contends that the trial court erred in withdrawing the first verdict from the jury and in not permitting the jury to fill in the amounts for plaintiff, and in remarking to the jury that he could not accept the first verdict which was not a proper form, and that they should go back to the jury room.

Plaintiff argues that the first verdict returned by the jury was intended to be a finding for plaintiff, and that the jury apparently did not know how to fill in the amounts; that in telling the jury that the verdict was not in proper form, the jury probably inferred that they should have signed one of the other forms, which they did, returning their second verdict for defendant.

Although in similar cases we have approved the action of the trial court in permitting the jury to fill in the amounts in open court, we have also stated that as a general rule where the jury returns a verdict which is incomplete or ambiguous, the court should direct them to retire to the jury room for further deliberation. Keener v. Tully, Okl., 263 P.2d 513. The court is not bound to accept a verdict which is not in accordance with its instructions. Hawkins v. McElhanon, Okl., 315 P.2d 667; Kansas City Southern Ry. Co. v. Marrow, Okl., 326 P.2d 817; West v. Abney, 203 Okl. 227, 219 P.2d 624; Whitney v. Tuttle, 178 Okl. 170, 62 P.2d 508, 108 A.L.R. 789.

In 53 Am.Jur., Trial, Section 1099, page 762, it is stated:

" * * * The principle is general that when a jury return an informal, insensible, or a repugnant verdict, or one that is not responsive to the issues submitted or is in disregard of the instructions of the court, they may be directed by the court to reconsider it and bring in a proper verdict, * * *."

And at page 764:

"When the jurors are sent back to reconsider their verdict, they may amend it not only by correcting a mistake in form or by making plain that which was obscure, but they may alter it in substance if they so agree. The case is still in their hands on their second retirement, and not being bound by their former action, they are at liberty to review the case and bring in an entirely new verdict. But while it is entirely clear that the trial judge may send the jury back to the consultation room for the purpose of correcting their finding as to matters of informality and uncertainty, and where the issue has not been passed upon by them, yet the judge must not even suggest the alteration of a verdict in substance. * * *."

In Nobles v. Crockett, Okl., 319 P.2d 1007, 1009, the jury first brought in a verdict for plaintiff in the amount of $100. Inasmuch as the court had instructed the jury that if plaintiff was entitled to recover, his recovery should be $200, the court told the jury that the verdict was not acceptable and directed the jury to retire for further deliberation. Later, the jury brought in a verdict for defendant. On appeal, we approved the action of the trial court in connection with the verdict, stating:

"When the trial court returned the jury for further consideration it put them in the same situation they were in before they came in with a verdict that could not, as a matter of law, be accepted by the trial court for the reason that it was contrary to the court's instructions. So they were returned by the court for further deliberation, and were placed in the same status they were in when the case was first submitted to them, free from any influence or effect of their attempted return of a verdict which was not permissible under the instructions."

When the jury brought in their first verdict, plaintiff's counsel made no request for any additional or different instructions. Also, when the jury returned their second verdict for the defendant, counsel did not object to the verdict or request the court to further poll the jury, in order to ascertain whether they were laboring under any misapprehensions.

The jury was furnished with another blank form of verdict identical with the one they had first signed, which, we think, negatived any possible inference that the court did not approve of their using that particular form.

In refusing to accept the first verdict, and in returning the jury for further deliberations, the court was following a procedure which has been approved by the decisions of this court. We are, therefore, unable to say that the remarks or actions of the trial court were improper or prejudicial to plaintiff.

A trial court has broad discretion in conducting the trial of a cause, and unless it appears that his discretion has been abused, the cause will not be reversed. Tulsa Hospital Ass'n v. Juby, 73 Okl. 243, 175 P. 519, 22 A.L.R. 333; Lowe v. First Nat'l Bank, 143 Okl. 134, 288 P. 283.

We find no error in the proceedings complained of by plaintiff.

Judgment affirmed.