Ruby O. WALTER, Appellant,

v.

Edna Zoe WARNER, Appellee.

No. 6789.

United States Court of Appeals
Tenth Circuit.

Jan. 6, 1962.

Rehearing Denied Jan. 26, 1962.

David W. Carson, Kansas City, Kan. (John K. Dear, Ernest N. Yarnevich, John William Mahoney, Joseph T. Carey, and John H. Fields, Kansas City, Kan., on the brief), for appellant.

Wash H. Brown, Kansas City, Kan. (J. Willard Haynes, Kansas City, Kan., on the brief), for appellant.

Before BRATTON, LEWIS and BREITENSTEIN, Circuit Judges.

BRATTON, Circuit Judge.

This controversy between two sisters involves rival claims of ownership and right of possession to certain residential property in Kansas City, Kansas. Edna Zoe Warner and Ruby O. Walter are sisters, and they were the only children and sole heirs of Joseph W. Moberly and Alice I. Moberly. Edna claimed under an oral contract with her parents, and Ruby claimed under a deed from her mother. Edna instituted the action against Ruby; and for convenience, reference will be made to them as plaintiff and defendant, respectively. Jurisdiction was predicated upon diversity of citizenship.

The court found these pivotal facts. The Moberlys owned and occupied the property as a residence in 1929; during that year they entered into an oral agreement with plaintiff under the terms of which it was agreed that if plaintiff would remodel the residence by adding thereto at her own expense a second floor containing an apartment she might reside in such apartment and on the death of the survivor of the Moberlys, the entire property should be hers; and she performed all of her part of the contract. Joseph W. Moberly died in 1944; in 1951, Alice I. Moberly executed a deed conveying the property to the defendant; and Alice I. Moberly died in 1957. The court concluded that the oral agreement constituted a valid and binding contract; and that the deed was of no force and effect. Judgment was entered determining that plaintiff was the owner of the property and entitled to its possession, and cancelling the deed.

■ It is basic in the law of Kansas that an oral contract providing that title to real estate shall pass from one party to another at the death of the former will be enforced by specific performance if the contract was not inequitable and was fully performed by the promisee, but in a case of that kind the evidence will be scrutinized carefully and relief will be granted with caution as such cases some-times lend themselves to the assertion of fraudulent claims. Cathcart v. Myers, 97 Kan. 727, 156 P. 751; James v. Lane, 103 Kan. 540, 175 P. 387; Bateman v. Franklin, 114 Kan. 183, 217 P. 318; Woltz v. First Trust Co. of Wichita, 135 Kan. 253, 9 P.2d 665; Schuler v. Rehberg, 145 Kan. 176, 64 P.2d 571; Bray v. Cooper, 145 Kan. 642, 66 P.2d 592; In re Duncan's Estate, 186 Kan. 427, 350 P.2d 1112.

■ It is also a fixed principle in the law of Kansas that in a case of this kind involving the validity of an oral agreement for the passing of title to real estate, there must be evidence which tends to prove the primary facts constituting the contract. It is not essential that the evidence tending to prove that the minds of the parties met and united be direct. It is enough if the evidence establishes clearly and satisfactorily facts and circumstances sufficient to raise a convincing implication that the contract was made and was fully performed on the part of plaintiff or on the part of another under whom plaintiff claims. Anderson v. Anderson, 75 Kan. 117, 88 P. 743, 9 L.R.A.,N.S., 229; Pantel v. Bower, 104 Kan. 18, 178 P. 241; Nash v. Harrington, 110 Kan. 636, 205 P. 354; Brown v. Slusser, 130 Kan. 834, 288 P. 743. Whether the evidence is direct or circumstantial is not decisively important. Either is sufficient if it raises a convincing implication that the contract was actually entered into and satisfies the court respecting its terms and performance. Woltz v. First Trust Co. of Wichita, supra; In re Dull's Estate, 184 Kan. 233, 336 P.2d 435.

■ The sufficiency of the evidence to establish the primary fact that plaintiff and her parents entered into the oral contract and that plaintiff performed in full her obligations thereunder is challenged. There was evidence that the Moberlys paid either $2,100 or $3,100 for the residential property at the time they purchased it in 1919; and that plaintiff paid $3,800 for the remodeling by construction of the second floor apartment. Alice Mary Volek, married daughter of

plaintiff and granddaughter of the Moberlys, testified that sometime prior to the construction of the apartment, the Moberlys, plaintiff, and Alice Mary resided in the property; that on account of insufficient space, plaintiff rented living accommodations elsewhere into which plaintiff and Alice Mary moved; that while plaintiff and Alice Mary were living in such rented accommodations, Alice Mary was present when the oral contract was entered into and heard the statements of the parties, respectively, in entering into it. She testified that her grandparents said to plaintiff that they had always wanted plaintiff and Alice Mary to be with them; that if plaintiff would, with the money which she had received in a domestic settlement with her husband, build the apartment and plaintiff and her daughter reside therein, thus being company for the Moberlys and also saving the payment of rent, the property would be hers when they were through with it. She further testified that her mother paid for the construction of the apartment; that she and her mother moved into it; and that they resided there for several years. There was evidence that after Alice Mary ceased to reside in the apartment, plaintiff and her then husband resided in it for several years. And there was evidence from Alice Mary and others that on various occasions the Moberlys stated in substance to them or others in their presence that plaintiff caused the apartment to be constructed; that she invested a substantial amount of her money in doing so; and that the property would be hers when they were through with it. We find ourselves unable to say that the evidence considered in its entirety failed to meet the kind and quality of proof requisite under the law of Kansas to establish the oral contract asserted by plaintiff and that she fully performed her obligations under it.

██ Defendant directs a challenge to the action of the court in admitting evidence of certain witnesses that the Moberlys made declarations and statements to them or in their presence to the effect that plaintiff paid for the construction of the second floor apartment and that when the Moberlys were through with the property it was to be hers. It is argued that such declarations and statements were not against the pecuniary or proprietary interests of the Moberlys and therefore were not admissible in evidence. Standing alone and without more, declarations and statements of that kind were not sufficient under the law of Kansas to prove the primary fact that the oral contract was entered into. Nash v. Harrington, supra; Rayl v. Central Trust Co., 127 Kan. 131, 272 P. 147; Brown v. Slusser, supra. But when, as here, direct evidence had been adduced tending to establish the primary fact that the parties entered into the oral agreement and to show with the required certainty the substance of such agreement, evidence of the making of such declarations and statements was competent for the purpose of reinforcing and corroborating the direct evidence. Nash v. Harrington, supra; Rayl v. Central Trust Co., supra; Brown v. Slusser, supra.

██ Reversal of the judgment is sought on the ground that such services as plaintiff performed pursuant to the oral contract could have been compensated in money and therefore it was error to grant relief in the nature of specific performance. It is the general rule in Kansas that in a case of this kind when a definite oral contract has been clearly established with the required measure of certainty respecting its terms and conditions, and it is shown that plaintiff has fully performed under such agreement, equity will be granted in the nature of specific performance if there are no conditions or circumstances which render the claim inequitable. In re Dull's Estate, supra; In re Duncan's Estate, supra. The oral contract having been established with the required measure of certainty respecting its terms and conditions, and full performance on the part of plaintiff under such contract having been shown, it was not error to grant specific performance.

484

Finally, the motion for new trial was addressed to the judicial discretion of the trial court and the denial of such motion will not be disturbed on appeal except for manifest abuse of discretion. Roberts v. Sawyer, 10 Cir., 252 F.2d 286. No abuse of discretion is shown here.

The judgment is affirmed.