Eugene B. CYPERT, Jr., by and through E. B. Cypert, his Father and Natural Guardian, Appellant,

v.

Stephen Lynn BAKER, Appellee.

No. 9734.

United States Court of Appeals
Tenth Circuit.

Sept. 11, 1968.

Rehearing Denied Nov. 19, 1968.

928

Floyd L. Walker, Tulsa, Okl., (Allen H. Stocker, Bartlesville, Okl., with him on the brief) for appellant.

Richard D. Wagner, Tulsa, Okl., (Alfred B. Knight, Tulsa, Okl., with him on the brief) for appellee.

Before MURRAH, Chief Judge, and PICKETT and SETH, Circuit Judges.

PICKETT, Circuit Judge.

This action arose out of a one-car accident near Bartlesville, Oklahoma in which Eugene B. Cypert, Jr. was injured while riding as a passenger in a car driven by appellee Baker. Cypert's father sued Baker on behalf of his minor son to recover damages for his injuries, and in a separate action he sought to recover his expenditures for medical care and other losses. Without objection the cases were consolidated for trial. Separate verdicts were returned by the jury in each of the cases, but no appeal has been taken from the judgment entered on the verdict in the father's case.

The record discloses that on October 1, 1965 at about 10:00 P. M. young Cypert and two other boys were riding with Baker in his new Buick automobile. The boys were classmates and had been good friends for many years. It appears that the Buick was traveling at a speed of about 85 miles per hour over a rough road when Baker lost control on a curve and the car rolled over several times causing the injuries complained of by young Cypert.

Following instructions by the court, separate forms of verdicts were submitted to the jury in each case. The jury first reported that it had reached a verdict in favor of the father in his case, and for Baker in the son's case. Cypert's counsel objected to the acceptance of the verdict for the defendant in the son's case for the reason that it was "inherently inconsistent" and requested the court to instruct the jury that it should deliberate further and "return a verdict consistent with the court's instructions." Counsel for the defendants joined in this request.[1] Thereupon the court, without amplification, read to the jury an instruction prepared and agreed to by counsel to the effect that the verdicts did not conform to the court's instruction that it

1. After considerable discussion, the court made the following statement to plaintiff's counsel:

"The Court: I will tell you what I will do. I want you and Mr. Knight to agree, if you want to send them out again, than to take the possibility that a ruling for the defendant is not inconsistent in that they just find that the defendant would get nothing, and that is not inconsistent. If you want to send them out, and he is agreeable, I will do it. I want you to sit down and agree to an instruction."

"must return and deliberate further and return verdicts which conformed to the court's instructions." Thereafter, through its foreman, the jury asked the court if in the son's case it could "find for the plaintiff and award no damages * * *." Following a discussion between the court and counsel [2] an answer to the jury's question was agreed to by counsel for the parties and submitted to the court in writing. As suggested by counsel for the Cyperts and agreed to by defense attorneys, the court advised the jury that the answer to the question was: "If you find and believe from a preponderance of the evidence in this case that the plaintiff in case No. 6577 received no compensable damages, the answer is yes." The verdicts then returned by the jury found for the father in the sum of $3,240.90, and in the son's case found for the plaintiff but awarded no damages. No objection was made to the verdicts and judgments were entered thereon. Thereafter a motion for a new trial was filed in young Cypert's case, primarily upon the ground that the verdict awarding no damages after a finding in favor of plaintiff was contrary to the evidence and invalid.

▬ Although it appears that in cases such as this which have been consolidated for trial because of common questions of law and fact, different verdicts on the question of liability are not considered to be inconsistent,[3] we do not reach that question because by agreement of the parties the court did not accept and record the first verdicts. When the jury was instructed to return for further deliberation, the status of the cases was the same as when first submitted to it. Stephens v. Draper, Okl., 350 P.2d 506; Nobles v. Crockett, Okl., 319 P.2d 1007. It is the contention of appellant that under Oklahoma law the failure to award damages in a personal injury case where there is evidence of substantial injury after a verdict for the plaintiff is invalid, citing Burkett v. Moran, Okl., 410 P.2d 876, and Hallford v. Schumacher, Okl., 323 P.2d 989. While this may be the general law as well as that of Oklahoma, the appellant is not in a position to complain. The verdict resulted from appellant's own conduct in suggesting to the court an answer to the jury's question, which verdict he now contends is invalid. It is quite obvious that the jury had determined to award damages to the father for his expenditures, and to deny any recovery by the son. If the jury had been told that from the evidence in the case it found for the

2. Upon receipt of the jury's question, the discussion between the court, Mr. Walker, representing the Cyperts, and Mr. Knight, representing Baker, was as follows:

"The Court: The Court has received a question from the jury foreman in this case, 6576 and 6577, and the question asked by the foreman, 'Is it possible that we can find for the plaintiff and award no compensation in case number 6577,' and the answer is, 'Yes.' They can merely say, in 6577, 'We find for the plaintiff,' and there be no inconsistency with my instructions and award damages in the amount of nothing. Now, do you agree with that?

Mr. Walker: If Your Honor please, let me say that I think that the only answer that the Court can make to the question as posed is 'that if you find and believe from a preponderance of the evidence in the case that the plaintiff in case number 6577 sustained no compensable damages, the answer is yes.'

Mr. Knight: I would agree, write that out.

The Court: I like it in your handwriting, you two. You sign it in your handwriting.

Mr. Knight: You can recognize mine. Are you going to call them in and read this to them?

The Court: All right. Let the record show that Mr. Walker and Mr. Knight both approve this and Mr. Stocker, and have written it, in fact, for the Court, as they did the other one, and there is nothing I like better.

Mr. Walker: All right. That is correct."

3. 35B C.J.S. Federal Civil Procedure § 1002; Koenig v. Frank's Plastering Co., D.C.Neb., 227 F.Supp. 849, aff'd 8 Cir., 341 F.2d 257; Stephenson v. Steinhauer, 8 Cir., 188 F.2d 432; McGilvray v. Powell, 700 North, Inc., 7 Cir., 186 F.2d 909; Aragon v. Kasulka, 68 N.M. 310, 361 P.2d 719; Smittle v. Eberle, Okl., 353 P. 2d 121.

plaintiff in the son's case it must also award appropriate damages, it is not unlikely that a recovery in both cases would have been denied. The suggested answer to the question eliminated this risk. If there were error, it came about by the maneuvering of appellant's own counsel, whereby he obtained a favorable verdict in the father's case and at the same time created the issue for appeal in the son's case. We think the case is clearly within the doctrine that a party may not complain on appeal of errors which he induced or invited. 5 Am.Jur.2d, Appeal and Error § 713; 5 C.J.S. Appeal and Error § 1501; Hanks v. United States, 10 Cir., 388 F.2d 171; O'Neal v. United States, 10 Cir., 240 F.2d 700; Sisler v. Whitten, Okl., 393 P.2d 497; Ferrell v. State ex rel. Dept of Highways, Okl., 387 P.2d 129. We find no abuse of discretion in the trial court's denial of the motion for new trial. Coffey v. United States, 10 Cir., 333 F.2d 945; Walter v. Warner, 10 Cir., 298 F.2d 481; Kansas City Public Service Co. v. Shephard, 10 Cir., 184 F.2d 945.

Affirmed.