**GENERAL CONSTRUCTION COMPANY, a Washington corporation, et al., Appellants,**

**v.**

**UMPQUA RIVER NAVIGATION COMPANY, an Oregon corporation, Appellee.**

**No. 25913.**

United States Court of Appeals, Ninth Circuit.

April 7, 1972.

Nathan J. Heath (argued) of Gray, Fredrickson & Heath, Portland, Or., for appellant.

Kenneth E. Roberts (argued), Ridgway K. Foley, Jr., Ben Lombard, Jr., of Souther, Spaulding, Kinsey & Williamson, Portland, Or., for appellee.

Before BARNES and KILKENNY, Circuit Judges, and McNICHOLS, District Judge.*

KILKENNY, Circuit Judge:

In the lower court, appellants sought indemnification from appellee for injuries sustained by General's employee *during dredging* operations conducted by it as general contractor, with appellee as a subcontractor. The employee's judgment against General was affirmed by the Oregon Supreme Court in Kinney v. General Construction Co., 248 Or. 500, 435 P.2d 297 (1967). The lower court denied indemnification. We affirm.

* The Honorable Ray McNichols, United States District Judge for the District of Idaho, sitting by designation.

## FACTUAL BACKGROUND

A brief outline of the facts is in order.[1] General is a contractor in marine construction, as is appellee. It contracted with the Army Corps of Engineers to excavate, or dredge, shotrock from the Columbia River Channel. Later, appellee, as subcontractor, agreed to furnish the floating bucket dredge BEAVER with a two-man crew to perform the dredging services. General, with its tug, picked up the BEAVER, located it on the project and provided a barge into which the rock was dumped. Appellee, as agreed, provided two men to operate the dredge. However, under the contract, the over-all supervision of the project, including the loading and the dumping of the barge, was the obligation of General.

Kinney, a deckhand on the barge, was injured during the course of the work when the eye of a line holding the barge in proper position slipped off its mooring post. Kinney usually placed the line on the post. The post was made of wood and covered with metal. It had no cap or cleat to prevent the eye from slipping off its top. The eye did not always hold on the slick surface of the post. As the load increased, General's dump barge sank lower in the water. The fact that the eye of the line had been slipping off the post on General's barge had been previously called to its attention and, on one occasion, its superintendent was asked to place a guard or cap over the post so as to prevent slippage of the loop. One witness testified that the loop slipped off the post practically every time the barge was loaded. Kinney was in charge of securing the line under the supervision of General's superintendent, but had the assistance of appellee's employees. The accident in question occurred at a time when the barge was nearly loaded.

## REMAND

After argument, we remanded to the district court for precise findings on the following issues: (1) whether appellee was a stevedore or performing the functions of a stevedoring contractor at the time of the occurrence, within the doctrine taught, employed and utilized in Ryan Stevedoring Co. v. Pan-Atlantic SS Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L. Ed. 133 (1956); Crumady v. THE JOACHIM HENDRIK FISSER, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413 (1959), and their progeny, and (2) whether the negligence, if any, of the appellee was an activating force which brought into play the unseaworthiness of the barge,[2] within the teaching of Rederi A/B Nordstjernan v. Crescent Wharf & Whse. Co., 372 F.2d 674 (9th Cir. 1967) and Judith Ann Liberian Transport Corp. v. Crawford, 399 F.2d 924 (9th Cir. 1968).[3]

Responding to the remand, the district court found: (1) that appellee was not a stevedore or performing the functions of a stevedoring contractor at the time of the occurrence, and (2) that even if appellee were a stevedore and held to a stevedore's warranty, it was precluded from fulfilling its obligations under the warranty by reason of the conduct of General in refusing to remedy an unsafe condition and in directing continued operations in the face of such a condition.

## WAS APPELLEE A STEVEDORE?

■ Our analysis of the entire record convinces us that the district court was not in error when it found that appellee was not a stevedore or performing the services of a stevedore at the time of the occurrence. Appellants cite no case, nor do we find one, which holds on these facts that one in the position of appellee should be held to a stevedore's warranty

---

1. For more detail, see Kinney v. General Construction Co., *supra.*

2. Defective hitching post.

3. Erroneously mentioned in the remand as Cypert v. Baker, 399 F.2d 927 (9th Cir. 1968).

of workmanlike service. Appellants' closest approach is Hartnett v. Reiss S. S. Co., 421 F.2d 1011 (2d Cir. 1970), cert. denied 400 U.S. 852, 91 S.Ct. 49, 27 L.Ed.2d 90 (1970). True enough, some of the language in *Hartnett* would seem to support appellants' position. However, we must read this language in the light of the fact that the injured person in *Hartnett* was a longshoreman who was injured while descending into the ship's hold during the unloading of a cargo of grain. There, the court properly held that the operation of unloading machinery, inside the hold of the ship, and the resulting partial control of the ship, carried with it the concomitant duty to exercise such control as to protect the ship and those who were exposed to the hazards of the work. In the final analysis, *Hartnett* presents nothing more than the customary relationship between ship, longshoreman and stevedore. We decline the invitation to extend the *Ryan* doctrine to a dredging operation on the record here presented. A detailed discussion and analysis of appellants' other arguments and cited authorities would add nothing to the validity of our conclusions.

## CONDUCT OF GENERAL

 The finding of the district court that even if appellee were held to a stevedore's warranty, that it was precluded from fulfilling its obligations under the warranty by the conduct of General in refusing to repair and cap the hitching post after its attention had been called to the unsafe condition and in directing continued operations in the face of that condition, is also supported by the record. Whether General prevented or seriously hampered the appellee in performing its alleged warranty of workmanlike service is an issue of fact which was resolved against it by the lower court. *Hartnett, supra*, p. 1017, *Judith Ann Liberian Transport Corp., supra*, p. 926. Here, the appellee was under no duty, contractual or otherwise, to repair the defective post on General's barge. As best it could, it performed its contract. The record clearly establishes that the overall control of the operation was lodged in General.

## OTHER CONTENTIONS

Additionally, we agree with the lower court, that the appellee did not breach its duty to provide insurance. It provided Employers Liability coverage for itself and Public Liability and Property Damage coverage naming General as an additional insured. Under the terms of the agreements, this was all it was required to do.

Finding no error, we affirm the judgment of the lower court.